

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-11-00143-CR

_____

BENITO ELIZONDO-VASQUEZ, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 426th Judicial District Court
Bell County, Texas
Trial Court No. 66931

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Justice Moseley

OPINION

Benito Elizondo-Vasquez (a citizen of Mexico legally residing in Texas) was charged with possession of between fifty pounds and 2,000 pounds of marihuana,[1] a second-degree felony offense. On Vasquez' plea of guilty under a plea bargain agreement, the State recommended the imposition of a twelve-year sentence, a recommendation followed by the 27th Judicial District Court of Bell County, Texas. Vasquez has now appealed with the permission of the trial court.[2]

**Positions on Appeal**

Counsel on appeal raises the issue of ineffective assistance of counsel, asserting that this ineffectiveness rendered Vasquez' plea of guilty involuntary. In its reply brief, the State reviewed the case and relevant caselaw, concluding that controlling United States Supreme Court authority requires a conclusion that Vasquez' trial attorney was constitutionally ineffective for having failed to inform Vasquez that he would certainly be deported as a result of his conviction for such a crime; going further, the State concurs that Vasquez' plea of guilty was necessarily involuntary due to trial counsel's error, thereby requiring reversal for a new trial.

---

[1] TEX. HEALTH & SAFETY CODE ANN. § 481.121 (West 2010).

[2] Originally appealed to the Third Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005). We are unaware of any conflict between precedent of the Third Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

2

We note that it is "the primary duty of all prosecuting attorneys, including any special prosecutors, not to convict, but to see that justice is done." TEX. CODE CRIM. PROC. ANN. art. 2.01 (West 2005).

Admirably, in this circumstance, the State has not only recognized the futility of blindly opposing what appears to be settled law, it has fulfilled its primary statutorily-imposed duty to see that justice is done in this case. In doing so, the State has performed ethically and in the best tradition of the legal profession, a course of action we wholeheartedly commend.

**Factual Background**

Vasquez was stopped while driving a vehicle which contained 194 pounds of marihuana. After several meetings with his appointed counsel, Vasquez decided to plead guilty to the charge. Vasquez was given (and stated that he understood) the standard statutory admonishments, which included advice that a conviction of a crime such as this could result in his deportation from the United States.

Vasquez filed a motion for new trial, upon which a hearing was conducted. In relevant part, the motion alleged that trial counsel did not advise him that his plea of guilty to this offense would (not could) result in his deportation. At the hearing, trial counsel testified that Vasquez' primary concern was how the charge and any resulting incarceration would impact his status as an immigrant. Trial counsel continued in his testimony that he told Vasquez that it was possible that this case could adversely impact that status, but never gave him a definitive answer, telling

Vasquez to consult with an immigration lawyer. Counsel did not research the law, and it is apparent that he was unaware that deportation or removal is mandatory upon conviction for possession of a large quantity of marihuana and that trial counsel also was unaware that exceptions to that result did not exist in immigration law where a guilty plea was entered. Counsel stated that he told Vasquez he had a good chance at "probation" (community supervision), but did not know what effect a deferred adjudication or a probated sentence might have on his status.

Vasquez testified that he inferred from counsel's statements he would get probation[3] and that the expected probation would not jeopardize his status as a legal immigrant. He continued on to say that his trial counsel told him repeatedly not to worry because he would get probation and that because he would get probation, he would not be deported.

**Review of Applicable Law**

The standard of testing claims of ineffective assistance of counsel is set out in *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail on this claim, an appellant must prove by a preponderance of the evidence (1) that his counsel's representation fell below an objective standard of reasonableness and (2) that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 689; *Rosales v. State*, 4 S.W.3d 228, 231 (Tex. Crim. App. 1999).

The two-pronged test of *Strickland* applies to guilty pleas. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985); *Ex parte Pool*, 738 S.W.2d 285, 286 (Tex. Crim. App. 1987). The voluntariness of the

---

[3]The plea bargain agreement as signed by Vasquez and his trial counsel contained no mention of a recommendation by the State of community supervision or deferred adjudication.

plea depends (1) on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases, and if not, (2) on whether there is a reasonable probability that, but for counsel's errors, appellant would not have entered his plea and would have insisted on going to trial. *Hill*, 474 U.S. at 59; *Ex parte Morrow*, 952 S.W.2d 530, 536 (Tex. Crim. App. 1997).

In *Padilla v. Kentucky*, ___ U.S. ___, 130 S.Ct. 1473 (2010), the United States Supreme Court held that a criminal defense lawyer did not provide his noncitizen client effective assistance of counsel under *Strickland* when he did not warn him that he was almost certain to be deported if he pled guilty. The Court recognized that counsel could easily have determined that his plea would make him eligible for deportation "simply from reading the text of the statute, which addresses not some broad classification of crimes but specifically commands removal for all controlled substances convictions except for the most trivial of marihuana possession offenses." *Id.* 130 S.Ct. at 1483; *see* 8 U.S.C.A. 1227(a)(2)(B) (West, Westlaw current through 2011). As in this case, the consequences of the plea could easily be determined from the statute, the deportation was presumptively mandatory, and his counsel's advice was incorrect. *Padilla*, 130 S.Ct. at 1484.

The high court recognized that some areas of immigration law and such consequences were unclear or uncertain and that the duty of counsel in such cases accordingly is more limited. However, "when the deportation consequence is truly clear, as it was here, the duty to give correct advice is equally clear." *Id.* at 1477. Counsel's suggestion that Vasquez should ask a different,

5

additional attorney is not sufficient. Further, the United States Supreme Court's analysis of the statute points out that for purposes of immigration, an alien is convicted where he is found guilty, or when he enters a plea of guilty and some form of punishment, penalty, or restraint on liberty is imposed. *Id.* at 1483; 8 U.S.C.A. 1101(a)(48)(A) (West, Westlaw current through 2011). Thus, any plea of guilty would result in the application of immigration statutes and deportation would be presumptively mandatory and virtually certain. *Padilla*, 130 S.Ct. at 1483.

Vasquez testified that he would not have pled guilty had he known that such a plea would result in his deportation from the United States. He testified that his immigration status was his primary concern and that he discussed it at every meeting with trial counsel. In those discussions, he specifically inquired of trial counsel about the issue and the effect his plea would have upon it, as well as potential outcomes. *See Ex parte Tanklevskaya*, No. 01-10-00627-CR, 2011 Tex. App. LEXIS 4034 (Tex. App.—Houston [1st Dist.] May 26, 2011, pet. filed) (similar situation with erroneous information provided about immigration consequence—recognizing that standard admonishment that a plea of guilty *may* result in deportation is insufficient warning per *Padilla*).

Other appellate courts have addressed this situation and concluded that such a failure to provide the requisite advice constituted deficient performance under *Strickland* and *Padilla*. We must agree. Further, in light of clear and consistent evidence that Vasquez would not have pled guilty but for the deficient advice, we must likewise hold that due to counsel's ineffective assistance, the plea was involuntary.

6

We reverse the case and remand to the trial court for further proceedings.


Bailey C. Moseley
Justice

Date Submitted:     October 17, 2011
Date Decided:       October 18, 2011

Publish

7