COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**


### NO. 02-11-00272-CR

EX PARTE JOSE MORENO

----------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

----------

## OPINION

----------

Appellant Jose Moreno appeals the trial court's denial of the relief that he requested in his application for a writ of habeas corpus.[1]  We affirm.

## Background Facts

Appellant is a citizen of Mexico and has been a lawful permanent resident of the United States since, according to a federal document, 2002, when he entered at El Paso.  In 2007, a grand jury indicted appellant with committing two felonies in 2006:  possession of between four grams and two hundred grams of

---

[1]*See* Tex. Code Crim. Proc. Ann. art. 11.072 (West 2005).

cocaine[2] and possession of between four grams and two hundred grams of cocaine with intent to deliver.[3]  In 2008, with the assistance of counsel, appellant accepted a plea bargain in which he pled guilty to possessing cocaine in exchange for dismissal of the possession-with-intent-to-deliver charge.  After appellant admitted on the record to possessing cocaine and after the trial court reviewed a presentence investigation report, the court deferred its adjudication of appellant's guilt and placed him on community supervision for eight years. Appellant did not appeal the trial court's judgment ordering community supervision.

In 2010, the United States Department of Homeland Security—Immigration and Customs Enforcement arrested appellant and began removal proceedings against him.  The Department of Homeland Security alleged that appellant was removable because he was "convicted" for possessing cocaine.

Appellant filed a petition for writ of habeas corpus in the trial court in February 2011.  In his petition, appellant alleged that he had received ineffective assistance of counsel when deciding to plead guilty, claiming that if he would have known that he was certain to be deported because of his plea, he would not have pled guilty.  In support of his petition, appellant offered his own affidavit. Appellant swore in his affidavit that he had lived in the United States for twenty-

---

[2]See Tex. Health & Safety Code Ann. § 481.115(a), (d) (West 2010).

[3]See id. § 481.112(a), (d) (West 2010).

seven years. He acknowledged that he had discussed the immigration consequences of his guilty plea with his trial counsel, but he swore that counsel stated, "[D]o not worry. If you are convicted, I will recommend you with an immigration lawyer so your papers will not be taken from you." Appellant also stated in the affidavit that he would not have pled guilty had he known he would be deported. Instead, appellant claimed that he would have "fought [his] case" or at least instructed his trial counsel to attempt to obtain a plea bargain that would not have resulted in his automatic deportation.

Appellant asserted in his affidavit that in the events leading to his arrest for possessing cocaine, police had searched his home without a warrant and had obtained statements from him without first issuing *Miranda* warnings.[4] Along with his affidavit, appellant submitted many signed letters from friends and family members attesting to his connection to his family and community along with a marriage license, birth certificates, and naturalization papers.

The State filed a response to appellant's application and submitted an affidavit from appellant's trial counsel. In the response, the State argued, in part, that appellant had failed to prove that he was harmed by his trial counsel's advice about the immigration consequences of his plea. In trial counsel's affidavit, he stated,

---

[4]*See Miranda v. Arizona*, 384 U.S. 436, 478–79, 86 S. Ct. 1602, 1630 (1966).

Prior to Mr. Moreno's plea of guilty, I advised him of possible immigration problems. I further told him that I did not practice immigration law and suggested he seek the advice of an attorney that practiced in that area. I further gave him the name and number of a lawyer that I knew to represent persons charged with immigration violations. To my knowledge, Mr. Moreno never contacted that lawyer.

Trial counsel also stated in his affidavit that during plea bargain negotiations, the State never offered to recommend a punishment less than incarceration and that at one point, the State had threatened to charge appellant with an even greater drug possession charge.

Concerning the facts that led to appellant's charges, trial counsel swore that the police had seen appellant place a brown paper bag in a vehicle and that the police later discovered that the bag contained "approximately one and one half kilos of cocaine." Counsel stated that the police then obtained a search warrant for appellant's home, where they found sixty grams of cocaine.

The trial court denied the relief requested in appellant's application, and the court adopted the State's proposed findings of fact and conclusions of law. In its findings of fact, the court found that both trial counsel and the trial court (verbally and in writing through admonishments)[5] had warned appellant about the possible immigration consequences of his guilty plea before he made it. In its

---

[5]In July 2008, in conjunction with pleading guilty, appellant signed a document that contained a paragraph stating, "If you are not a citizen of the United States of America, a plea of guilty or nolo contendere for this offense may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law." *See* Tex. Code Crim. Proc. Ann. art. 26.13(a)(4) (West Supp. 2012).

conclusions of law, the trial court stated, in part, that appellant had failed to prove that his attorney's representation fell below an objective standard of reasonableness and had failed to carry his burden to show that he would not have pled guilty had his attorney informed him of the consequences of the plea. Appellant brought this appeal.

**Ineffective Assistance of Counsel**

In his sole point, appellant contends that the trial court erred by denying the relief requested in his application for a writ of habeas corpus because he received ineffective assistance of counsel when deciding to plead guilty. Appellant argues that his trial counsel's performance was deficient because counsel failed to inform him that his plea would result in his automatic deportation, and appellant contends that had he known that he was going to be deported, he would not have pled guilty.

We review a trial court's denial of the relief requested in an application for a writ of habeas corpus under an abuse of discretion standard. *See Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App.), *cert. denied*, 549 U.S. 1052 (2006); *Ex parte Mello*, 355 S.W.3d 827, 832 (Tex. App.—Fort Worth 2011, pet. ref'd); *Ex parte Karlson*, 282 S.W.3d 118, 127 (Tex. App.—Fort Worth 2009, pets. ref'd). This means we view the record in the light most favorable to the trial court's ruling and afford great deference to its findings and conclusions, especially when they involve determinations of credibility and demeanor. *Mello*, 355 S.W.3d at 832. Such deference must be given to the trial court even when

5

all the evidence is submitted by affidavits. *Karlson*, 282 S.W.3d at 128. The test for whether the trial court abused its discretion is whether its ruling was arbitrary or unreasonable. *Manning v. State*, 114 S.W.3d 922, 926 (Tex. Crim. App. 2003). The mere fact that a trial court may decide a matter within its discretionary authority in a different manner than an appellate court would in a similar circumstance does not demonstrate that an abuse of discretion occurred. *Id.* We will only overrule the trial court's ruling on an application for a writ of habeas corpus if the court's ruling was outside the zone of reasonable disagreement. *See Ex parte Alakayi*, 102 S.W.3d 426, 430 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd).

A defendant is entitled to effective assistance of counsel when entering a guilty plea. *Hill v. Lockhart*, 474 U.S. 52, 58–59, 106 S. Ct. 366, 370–71 (1985); *Ex parte Harrington*, 310 S.W.3d 452, 458 (Tex. Crim. App. 2010). To establish ineffective assistance of counsel, the appellant must show by a preponderance of the evidence that his counsel's representation fell below the standard of prevailing professional norms and that there is a reasonable probability that, but for counsel's deficiency, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Davis v. State*, 278 S.W.3d 346, 352 (Tex. Crim. App. 2009).

Appellant contends that his trial counsel's performance fell below the standard of prevailing professional norms when he failed to warn appellant that he would be deported if he pled guilty. Appellant argues that the Supreme

6

Court's holding in *Padilla v. Kentucky* required his counsel to affirmatively advise him of the particular immigration consequences of his plea and that merely advising him of the possibility of deportation was insufficient. *See* 130 S. Ct. 1473, 1483–87 (2010).[6] Appellant claims that because he became a lawful permanent resident of the United States in 2002, under federal law, his guilty plea and placement on deferred adjudication for a controlled substance offense committed in 2006 meant that his deportation would be presumptively certain. *See* 8 U.S.C.A. §§ 1182(a)(2)(A)(i)(II), 1227(a)(2)(B)(i) (West 2005 & Supp. 2012), § 1229b(a) (West 2005); *Moosa v. INS*, 171 F.3d 994, 1005–06 (5th Cir. 1999) (explaining that Texas's form of deferred adjudication after a plea of guilty is considered a conviction for immigration purposes); *Ex parte Tanklevskaya*, 361 S.W.3d 86, 89 (Tex. App.—Houston [1st Dist.] 2011, pet. filed) (citing 8 U.S.C.A. § 1182(a)(2)(A)(i)(II) concerning the immigration effect of a conviction relating to a controlled substance). Appellant argues that because it was clear from the applicable federal statutes that he would be deported upon pleading guilty, counsel's statements that there was only a risk of deportation were insufficient to meet counsel's duty under *Padilla*.

---

[6]Before Padilla pled guilty to committing a drug offense, his counsel had told him that he "did not have to worry" about the immigration consequences of the plea. *Id.* at 1478. The Supreme Court held that "constitutionally competent counsel would have advised [Padilla] that his conviction for drug distribution made him subject to automatic deportation," but the Supreme Court did not determine whether Padilla had been prejudiced. *Id.*

In *Padilla*, the Supreme Court stated that when a "deportation consequence is truly clear, . . . the duty to give correct advice is equally clear." 130 S. Ct. at 1483. Some Texas courts have interpreted *Padilla* to mean that an attorney has the duty to definitively tell his client that he will be deported for certain guilty pleas, meaning that warnings to the client that he could be deported are not sufficient. *See, e.g.*, *Tanklevskaya*, 361 S.W.3d at 95–97 (citing *United States v. Bonilla*, 637 F.3d 980, 984 (9th Cir. 2011) ("A criminal defendant who faces almost certain deportation is entitled to know more than that it is *possible* that a guilty plea could lead to removal; he is entitled to know that it is a virtual certainty.")). Whether *Padilla* applies retroactively to appellant's plea, which was entered two years before the Supreme Court's decision in *Padilla*, is an open question.[7]

However, we need not decide whether trial counsel's performance was deficient under the standards articulated in *Padilla* or whether *Padilla* applies retroactively to this case. Instead, we may decide this case based upon our deferential review of the trial court's decision that appellant failed to prove the

---

[7]The Supreme Court recently granted certiorari on the question. *See Chaidez v. United States*, 655 F.3d 684, 693–94 (7th Cir. 2011) (holding that *Padilla* does not apply retroactively), *cert. granted*, 132 S. Ct. 2101 (2012); *see also United States v. Amer*, 681 F.3d 211, 214 (5th Cir. 2012) (holding that *Padilla* does not apply retroactively). The Texas Court of Criminal Appeals has granted a petition for discretionary review of an opinion from a court of appeals that discussed the question. *See Ex parte De Los Reyes*, 350 S.W.3d 723, 729 (Tex. App.—El Paso 2011, pet. granted) (holding that *Padilla* could be retroactively applied in postconviction habeas corpus proceedings).

prejudice requirement of the *Strickland* test. *See Strickland*, 466 U.S. at 697, 104 S. Ct. at 2069 ("[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies.").

The second prong of *Strickland* requires the defendant to show that counsel's errors were so serious that they deprived the defendant of a fair and reliable trial. *Id.* at 687, 104 S. Ct. at 2064. In other words, appellant must show there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. *See id.* at 694, 104 S. Ct. at 2068. When we evaluate whether the alleged deficient performance of counsel prejudiced a defendant when entering a guilty plea, we consider whether the defendant showed that there was a reasonable probability that, but for counsel's error, he would not have pled guilty but instead would have gone to trial. *Hill*, 474 U.S. at 59, 106 S. Ct. at 370; *Johnson v. State*, 169 S.W.3d 223, 231 (Tex. Crim. App. 2005), *cert. denied*, 546 U.S. 1181 (2006). Deprivation of a trial is a structural defect, which amounts to a serious denial of the entire judicial proceeding itself. *Johnson*, 169 S.W.3d at 231. Therefore, the focus of this prong is whether appellant was deprived of his right to a trial, not whether the outcome of the trial would have been favorable to him. *Id.* Nonetheless, the Supreme Court indicated in *Padilla* that Padilla had the burden of proving that it would have been rational for him to reject the plea bargain and go to trial. 130 S. Ct. at 1485 (citing *Roe v. Flores-Ortega*, 528 U.S. 470, 480,

486, 120 S. Ct. 1029, 1036, 1039 (2000)). In determining whether a defendant would have pled guilty but for counsel's deficient advice, a court is to consider the circumstances surrounding the plea and the gravity of the alleged failure material to that determination. *Ex parte Moody*, 991 S.W.2d 856, 858 (Tex. Crim. App. 1999).

Viewing the evidence in the light most favorable to the trial court's ruling, the trial court did not abuse its discretion by determining that appellant had not met his burden, by a preponderance of the evidence, to show prejudice. The trial court found that counsel and the trial court had warned appellant, verbally and in writing, about the possible immigration consequences of his plea. The record supports these findings. In fact, the record includes the following excerpt from the hearing in which appellant pled guilty in front of the same judge who later denied his habeas application:[8]

> THE COURT: . . . Let me ask you, Mr. Moreno, are you a citizen of the United States?
>
> . . . .
>
> [DEFENSE COUNSEL]: He's here legally, but he's not a citizen.
>
> THE COURT: Let me advise you, sir, that a plea of guilty or a plea of nolo contendere could result in your being deported or it could also result in your being denied certain rights that you have under the Federal Immigration and Naturalization laws. Do you understand that?

---

[8]Thus, the trial court was able to observe appellant's demeanor at the time he made his guilty plea.

THE DEFENDANT:  Yes, sir.

THE COURT:  And do you still wish to proceed with this proceeding, sir, now that you understand all of that?

THE DEFENDANT:  Yes, sir.

The court further found that trial counsel advised appellant to consult with an immigration attorney to determine whether his guilty plea would affect his immigration status and that appellant chose not to do so.

In its final finding of fact, the trial court stated, "[Appellant's] claim that he would not have pled guilty had [his trial counsel] advised him that he *would be* deported is inconsistent with the fact that [his trial counsel] advised [appellant] to discuss the issue with an immigration lawyer before pleading and [appellant] decided to plead anyway."  In other words, based on its consideration of inferences that arose from appellant's actions at the time of his plea coupled with the written and verbal admonishments, the trial court found that appellant's later statement in his affidavit that he would not have pled guilty if he would have known of the certainty of being deported was not credible.  Based on that finding, the trial court ruled that appellant had not met his burden to show prejudice.[9]

---

[9]Specifically, the trial court concluded,

Because [appellant] chose to plead guilty even after [his trial counsel] advised that he was not an immigration lawyer and that [appellant's] plea may have immigration consequences, [appellant] . . . failed to demonstrate that he would not have pled guilty had he been advised that he *would be* deported as a result of the plea.

11

When the trial court weighs conflicting evidence, it must make a judgment call on the credibility of the evidence. *See Hall v. State*, 160 S.W.3d 24, 40 (Tex. Crim. App. 2004), *cert. denied*, 545 U.S. 1141 (2005); *Karlson*, 282 S.W.3d at 130 ("When faced with conflicting evidence about the circumstances affecting [counsel's] representation . . . , the trial court was required to resolve the conflict and make a judgment call.") (footnote omitted). The trial court is not required to accept appellant's factual statements made within his affidavit. *See Karlson*, 282 S.W.3d at 130; *Shanklin v. State*, 190 S.W.3d 154, 167 (Tex. App—Houston [1st Dist.] 2005), *pet. dism'd, improvidently granted*, 211 S.W.3d 315 (Tex. Crim. App. 2007); *see also Manzi v. State*, 88 S.W.3d 240, 244 (Tex. Crim. App. 2002) (holding that in reviewing the denial of a motion to suppress evidence, the appellate court "correctly employed a deferential standard of review of the trial court's resolution of the historical facts from conflicting affidavits"). In this case, the trial court's written factual findings show that the court believed appellant's trial counsel and disbelieved appellant on the most critical statements in each of their affidavits. Based on the record, we cannot say that the trial court's determination of appellant's credibility was outside the zone of reasonable disagreement, so we will not disturb the trial court's conclusion that appellant failed to meet his burden to show prejudice. The trial court could have rationally determined, based upon appellant's apparent total inaction upon receiving repeated verbal and written warnings about the possibility of his deportation, that his immigration status was not his primary concern upon pleading guilty. *Cf.*

12

*Elizondo-Vasquez v. State*, 361 S.W.3d 120, 123 (Tex. App.—Texarkana 2011, no pet.) ("[The defendant] testified that his immigration status was his primary concern and that he discussed it at every meeting with trial counsel. In those discussions, he specifically inquired of trial counsel about the issue and the effect his plea would have upon it, as well as potential outcomes."). Put another way, if at the time of appellant's plea, his immigration status was the determinative factor in the manner of resolving the charges against him, he certainly had a strange way of demonstrating that concern.

Furthermore, while appellant asserted in his affidavit that if he had known that he would be deported by pleading guilty, he would have instructed his trial counsel to try the case or to attempt to obtain a different plea bargain that did not have the same immigration consequences, he did not offer any evidence showing that the State would have considered such a plea bargain. There is no evidence that the State was willing accept a plea bargain for anything other than a controlled substance charge, which, under federal law, generally leads to deportation. *See* 8 U.S.C.A. § 1227(a)(2)(B)(i). Instead, trial counsel's affidavit indicates that if appellant had not pled guilty to possessing between four grams and two hundred grams of cocaine, the State had considered adding a more serious controlled substance charge. And at the very least, the State could have proceeded on the possession-with-intent-to-deliver charge that it waived as part of the plea bargain. That charge, a first-degree felony, could have carried a consequence of up to life in prison. *See* Tex. Health & Safety Code Ann.

13

§ 481.112(a), (d); Tex. Penal Code Ann. § 12.32(a) (West 2011). Under these circumstances, the trial court could have reasonably found that it was logical for appellant to take the plea bargain for a lesser charge with the possibility of receiving deferred adjudication, instead of incurring the time and expense of trial, where appellant could have been convicted and sentenced to substantial incarceration in addition to being deported. *See Padilla*, 130 S. Ct. at 1485 ("[T]o obtain relief on this type of claim, a petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances.").

In his brief, appellant argues that trial counsel's failure to definitively warn him that he would be deported and his referral of appellant to outside immigration counsel are sufficient on their own to show prejudice. Although appellant cites *Padilla* in support of this argument, *Padilla* did not discard *Strickland's* requirement of establishing prejudice in addition to constitutionally deficient representation, nor did the Court in *Padilla* presume prejudice. *See id.* at 1478, 1483–84, 1487 (holding that Padilla's trial counsel was constitutionally deficient for telling Padilla not to worry about his immigration status but remanding the case to a state court to determine whether Padilla suffered prejudice); *Ex parte Ali*, 368 S.W.3d 827, 835 (Tex. App.—Austin 2012, pet. filed) ("*Padilla* did not change the standard for proving prejudice.").

Appellant also cites three Texas decisions that he believes support his contention that he sufficiently proved prejudice. *See De Los Reyes*, 350 S.W.3d

14

at 731; *Ex parte Romero*, 351 S.W.3d 127, 131 (Tex. App.—San Antonio 2011, pet. filed); *Tanklevskaya*, 361 S.W.3d at 99. However, this case differs from those cases in that the trial courts in those cases did not make any credibility determinations on the evidence. *See De Los Reyes*, 350 S.W.3d at 727, 731 (court ruled only that trial court's admonishment cured any prejudice); *Romero*, 351 S.W.3d at 130–31 (no apparent findings or conclusions); *Tanklevskaya*, 361 S.W.3d at 91 (court issued no findings or conclusions). Because the trial court in this case made explicit findings and conclusions on reasonable grounds concerning appellant's failure to prove prejudice, we defer to those rulings. *See Manzi*, 88 S.W.3d at 243–44; *Ali*, 368 S.W.3d at 841 ("Here, the trial court expressly found that Ali provided 'no credible evidence' that he was harmed by counsel's allegedly deficient performance, and we are to defer to the trial court's credibility determination."); *Ex Parte Tovilla*, No. 14-10-01120-CR, 2012 WL 113049, at *3 (Tex. App.—Houston [14th Dist.] Jan. 12, 2012, pet. ref'd) (mem. op., not designated for publication) ("[T]he trial court determined that it was 'highly unlikely' that Tovilla would have insisted on a trial even if he knew that accepting a guilty plea would ensure his removal. We must defer to this finding . . . .").

This is not to say that a defendant's failure to heed counsel's warnings of possible immigration consequences and to consult outside immigration counsel will always disprove the prejudice prong of *Strickland*. Determinations of prejudice under *Strickland* must be conducted by considering the facts of each

case. *See Williams v. Taylor*, 529 U.S. 362, 391, 120 S. Ct. 1495, 1512 (2000) (explaining that *Strickland* requires a case-by-case examination of the evidence). We do not hold that the evidence in this case is per se insufficient to show prejudice. We cannot conclude, however, that the trial court lacked the authority or a reasonable basis under the facts of this case to make the judgment call that appellant failed to prove by a preponderance of the evidence that he would not have pled guilty but for his trial counsel's allegedly deficient conduct. We therefore conclude that the trial court did not abuse its discretion by denying the relief requested in appellant's application for a writ of habeas corpus, and we overrule appellant's sole point. *See Mello*, 355 S.W.3d at 832.

## Conclusion

Having overruled appellant's point, we affirm the trial court's judgment denying the relief that appellant requested in his application for a writ of habeas corpus.

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL: LIVINGSTON, C.J.; GARDNER and MEIER, JJ.

PUBLISH

DELIVERED: August 30, 2012

16