

# COURT OF APPEALS

## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-12-00098-CR

EX PARTE AHAMAD SATTAR
MEMAN

----------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

This appeal follows the trial courts' denial of an application for writ of habeas corpus.[2] Ahamad Sattar Meman, a native of India, complains that he was denied effective assistance of counsel when counsel failed to advise him that a guilty plea would result in definite negative consequences to his immigration status. We will affirm.

---

[1]*See* Tex. R. App. P. 47.4.

[2]*See* Tex. Code Crim. Proc. Ann. Art. 11.072, § 6 (West 2005).

Meman moved to the United States in October 2002. He currently resides in this country pursuant to an "L-2 Visa." On August 28, 2009, the State charged Meman with the state-jail felony offense of theft of property by check in the amount of $1500 or more but less than $20,000.[3] He pleaded guilty to the theft charge on January 29, 2010, and the trial court accepted Meman's plea but deferred adjudicating guilt and placed him on community supervision, imposed a $500 fine, and ordered Meman to pay restitution.

According to Meman's sworn affidavit attached to his application for writ, in late 2010, he and his wife contacted an immigration attorney to explore the possibility of filing for "green cards" for themselves and their two children. By Meman's account, the immigration attorney informed him that immigration law treats deferred adjudication the same as a conviction and that because of his pleading guilty to the state-jail felony, it would be impossible for him to get a green card, that his current Visa could be either revoked or denied renewal, and that he would not ever be allowed to become a naturalized United States citizen.[4] Meman also alleges that when he first met with his attorney—Patrick R. McCarty—he informed McCarty of his immigration status and that he wanted this

---

[3]*See* Tex. Penal Code Ann. §§ 31.03 (West Supp. 2012), 31.06 (West 2011).

[4]The record indicates that Meman's wife also pleaded guilty to similar charges prior to Meman's entry of guilt. In his sworn affidavit, Meman avers that his wife is also ineligible for Visa renewal, and that she too will not be allowed to become a naturalized United States citizen.

case resolved in such a way that it would not have a negative impact on his immigration status, his ability to obtain a green card, or his ability to become a naturalized citizen. He also alleges that McCarty failed to inform him of the negative consequences of his plea relating to his immigration status. According to Meman, he was "uncomfortable with th[e] plea agreement" and he would not have entered a plea of guilty had McCarty informed him that his plea would result in his deportation or otherwise have negative immigration consequences.

In its response, the State filed an affidavit by McCarty. McCarty's version of the events stands in stark contrast to Meman's. By McCarty's account, he informed Meman multiple times of Meman's need to consult with an immigration attorney prior to accepting his plea; that, despite numerous requests, Meman had failed to provide McCarty with his immigration papers; that Meman had squandered multiple offers and time extensions by the State to simply pay restitution and have the charges dropped; and that on the day the case was set for trial, and prior to Meman entering his plea, McCarty had discussed the plea with Meman for more than three hours.

McCarty avers that he carefully explained to Meman that by entering a plea of guilty, the charge "would likely result in deportation, exclusion from admission or denial of naturalization." McCarty also read to Meman the relevant immigration "sections of the plea petition, circled it, instructed him to read it, and initial it. He did so." Furthermore, McCarty stated that when he "turned in" the

3

plea petition, he mentioned to the trial court that Meman had "immigration issues," to which the trial court responded by carefully reviewing the immigration section warning with Meman. McCarty avers that Meman acknowledged that he understood the judge's specific, immigration-warning admonishment, and that "he did not want a trial."

After reviewing the evidence presented by both Meman and the State, the trial court denied Meman's habeas petition and entered findings of fact and conclusions of law. Among the findings, the trial court determined that McCarty had "[gone] over the plea admonishments" with Meman; that McCarty had explained to Meman "ad nauseum" that his immigration status was in jeopardy if he pleaded guilty; that Meman's claim that he would have contacted an immigration attorney had he known of the consequences was inconsistent with the fact that McCarty had given him ample opportunity to do so; and that Meman did "not allege that he would not have been convicted or that he had a viable defense." As to whether Meman would have rejected his plea offer had he been advised of the possible negative consequences on his immigration status, the trial court found the following:

> Because [Meman] was aware that his plea may have immigration consequences and chose not to contact an immigration attorney or provide [McCarty] with his immigration papers when requested, [Meman] has failed to prove that there is a reasonable probability that he would not have pleaded guilty had counsel advised him differently.

4

The trial court also specifically concluded that Meman had failed to prove that he received ineffective assistance of counsel, or that his plea was involuntary due to ineffective assistance of counsel.

On appeal, Meman argues that the trial court erred by denying habeas relief.

We review the trial court's ruling on an application for writ of habeas corpus for an abuse of discretion. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App.), *cert. denied*, 549 U.S. 1052 (2006); *Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003), *overruled on other grounds by Ex parte Lewis*, 219 S.W.3d 335 (Tex. Crim. App. 2007). Under this standard, we afford almost total deference to the trial court's findings of fact, particularly when those findings are based upon an evaluation of credibility and demeanor. *Ex parte Amezquita*, 223 S.W.3d 363, 367 (Tex. Crim. App. 2006). We apply the same deference to the trial court's application of law to questions of fact if resolution of those issues requires an evaluation of credibility and demeanor. *Ex parte Legrand*, 291 S.W.3d 31, 35–36 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd). If resolution of the ultimate issue turns solely on a question of law, our review is de novo. *Id.*

Meman sought habeas relief on the theory that he was denied effective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984), and *Padilla v. Kentucky*, —— U.S. ——, 130 S. Ct. 1473 (2010). To be entitled to relief, he was required to prove by a preponderance of the evidence

5

that (1) counsel's performance fell below an objective standard of reasonableness, and (2) but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 687–88, 694, 104 S. Ct. at 2064, 2068. Failure to make the required showing of either deficient performance or sufficient prejudice defeats the claim of ineffectiveness. *Id.* at 697, 104 S. Ct. at 2069.

In *Padilla*, the Supreme Court held that counsel's representation is constitutionally deficient if counsel fails to warn a noncitizen client of the certainty of removal when the terms of the relevant immigration statute are "succinct, clear, and explicit" in defining the removal consequences of a particular conviction. *Padilla*, 130 S. Ct. at 1483. "When the law is not succinct and straightforward . . . , a criminal defense attorney need do no more than advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences." *Id.* Following the *Strickland* framework for ineffective assistance claims, the *Padilla* Court further observed that before relief may be granted, the petitioner must also convince the court that a decision to reject the plea bargain would have been rational under the circumstances. *Id.* at 1485; *see also Hill v. Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366, 370 (1985).

Meman's conviction became final before the Supreme Court's opinion in *Padilla*, but in deciding whether counsel was ineffective on this record, we need

6

not determine whether *Padilla* applies retroactively.[5]   Under any test for ineffective assistance of counsel, Meman's claim must fail because Meman has not demonstrated that he was prejudiced by counsel's alleged errors.

In this case, the trial court determined that Meman "failed to prove that there is a reasonable probability that he would not have pleaded guilty had counsel advised him differently."   We must defer to this finding, which is supported by McCarty's affidavit that McCarty informed Meman of the consequences of his plea and that Meman "did not want a trial."  *See Amezquita*, 223 S.W.3d at 367 ("When the trial court's findings of fact in a habeas corpus proceeding are supported by the record, they should be accepted by [the reviewing court].").   As the sole judge of credibility, the trial court was free to accept McCarty's version of the events that led to Meman pleading guilty over Meman's claim that he would have rejected the State's plea and sought counsel from an immigration attorney.  *Id.*

Because Meman did not carry his burden of showing that he suffered any prejudice, the trial court did not abuse its discretion by rejecting his claim for ineffective assistance of counsel.  *See Ex parte Moreno*, No. 02-11-00272-CR, 2012 WL 3734003, at *7 (Tex. App.—Fort Worth Aug. 30, 2012, no pet. h.) (holding that trial court did not abuse its discretion by denying application for a

---

[5]Two Texas courts of appeals have expressly held that *Padilla* applies retroactively.  *See Ex parte De Los Reyes*, 350 S.W.3d 723, 729 (Tex. App.— El Paso 2011, pet. granted); *Ex parte Tanklevskaya*, 361 S.W.3d 86, 93–95 (Tex. App.—Houston [1st Dist.] 2011, pet. filed).

7

writ of habeas corpus where trial court reasonably concluded that defendant failed to prove by a preponderance of the evidence that he would not have pled guilty but for his trial counsel's allegedly deficient conduct in informing him of the immigration consequences of his guilty plea). The trial court's order denying the application for writ of habeas corpus is therefore affirmed.

<div style="margin-left: 50%;">

BILL MEIER
JUSTICE

</div>

PANEL: WALKER, MCCOY, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: September 27, 2012