02-12-097-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

 

NO. 02-12-00097-CR

 

 


 
 
 Ex
 Parte Monaz Ahamad Meman
  
  
  
  
  
  
  
 
 
 §
  
 §
  
 §
  
 §
  
 §
  
 §
 
 
 From the 396th District
 Court of 
  
 Tarrant County
  
 (C-396-009450-1154292-AP)
  
 January
 4, 2013
  
 Opinion
 by Justice McCoy
  
 (nfp)
 
 


 

JUDGMENT

 

          This
court has considered the record on appeal in this case and holds that there was
no error in the trial court’s judgment.  It is ordered that the judgment of the
trial court is affirmed. 

 

SECOND DISTRICT COURT OF APPEALS 

 

 

 

By_________________________________

   
Justice Bob McCoy

 

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

 

NO. 02-12-00097-CR

 

 


 
 
 EX PARTE MONAZ AHAMAD MEMAN
 
 
  
 
 
  
 
 


 

----------

FROM THE 396th
District Court OF TARRANT COUNTY

----------

MEMORANDUM
OPINION[1]

----------

          Appellant
Monaz Ahamad Meman appeals the trial court’s order denying relief on her application
for writ of habeas corpus.[2]  Meman complains that the
trial court erred by denying relief based on an erroneous interpretation of
federal immigration law.  We affirm.

          Meman,
a citizen of India, came to the United States in October 2002 and is currently
in this country on an “L-1 Visa.”  On April 17, 2009, the State charged her
with the state-jail felony of theft of property by check of $1,500 or more but
less than $20,000.[3]  Meman pleaded guilty to
the charge on September 28, 2009, and the trial court accepted her plea but
deferred adjudicating her guilt and placed her on community supervision,
imposed a $500 fine, and ordered her to pay restitution.

          Meman
applied for a writ of habeas corpus on October 11, 2011, claiming that her plea
was not freely and voluntarily entered because her criminal defense counsel failed
to properly admonish her regarding the negative consequences the plea could
have on her immigration status.

          According
to Meman’s sworn affidavit attached to her application for writ of habeas
corpus, she and her husband contacted an immigration attorney in late 2010 to
begin the “green card” application process.  By Meman’s account, the
immigration attorney informed her that, because immigration law treats deferred
adjudication the same as a conviction, she could not obtain a green card, her
current visa could be either revoked or denied renewal, and she could not
become a naturalized United States citizen.  Meman also averred that she told defense
counsel about her desire to preserve her immigration status, her ability to
obtain a green card, and her ability to become a naturalized citizen, and that
when she met with defense counsel for the last time before she signed the plea
agreement, he told her that the case would be dismissed and have no effect on
her immigration status if she paid the restitution.

          In
response to Meman’s application, the State filed defense counsel’s affidavit. 
According to defense counsel, he negotiated two plea bargains for Meman in
which the State would have dismissed its case against her if she had paid
restitution, but she failed to pay in both instances; despite her failure to
pay under the terms of the first two plea bargains, he negotiated a third plea
bargain in which Meman would receive deferred adjudication; and he explained
deferred adjudication to Meman.  Defense counsel also claims that he reviewed
the plea paperwork’s immigration warnings with Meman, cautioned her about the
potential consequences, and told her that she should consult an immigration
attorney before accepting the plea if she had any questions.  Further, defense
counsel stated that Meman did not want to go to trial, she understood what
deferred adjudication meant, and she agreed that deferred adjudication was the
best resolution under the circumstances.

          After
reviewing the evidence, the trial court denied Meman’s application and adopted
the State’s proposed findings of fact and conclusions of law.  Among the
findings, the trial court determined that Meman cannot adjust her status and
will be deported; “[i]t is reasonable that a criminal defense attorney, not
board certified in immigration law, would likely refer to the section on
deportability when determining whether [Meman was] ‘deportable’ because she had
already been admitted” to the United States; the law regarding whether Meman was
“deportable due to this one crime of moral turpitude is not succinct and
straightforward”; and Meman did not say what she would have done instead of
accepting the plea offer.

          The
trial court concluded, “Because [Meman] was properly advised that her plea may
have immigration consequences and chose to plead guilty, [Meman] has failed to
prove that there is a reasonable probability that she would not have pleaded
guilty had counsel advised him [sic] differently.”  The trial court also
concluded that Meman failed to prove that she received ineffective assistance
of counsel or that her plea was involuntary due to ineffective assistance of
counsel.

          On
appeal, Meman complains that the trial court erred by denying habeas relief
based on its erroneous conclusion that her guilty plea had no definite immigration
consequences.

          We
review the trial court’s ruling on a habeas claim for an abuse of discretion.  Kniatt
v. State, 206 S.W.3d 657, 664 (Tex. Crim. App.), cert. denied, 549
U.S. 1052 (2006); Ex parte Peterson, 117 S.W.3d 804, 819 (Tex. Crim.
App. 2003), overruled on other grounds by Ex parte Lewis, 219 S.W.3d 335
(Tex. Crim. App. 2007).  Under this standard, we afford almost total deference
to the trial court’s findings of fact, particularly when those findings are
based upon an evaluation of credibility and demeanor.  Ex parte Amezquita,
223 S.W.3d 363, 367 (Tex. Crim. App. 2006).  We apply the same deference to the
trial court’s application of law to questions of fact if resolution of those
issues requires an evaluation of credibility and demeanor.  Ex parte Legrand,
291 S.W.3d 31, 35–36 (Tex. App.—Houston [14th Dist.] 2009, pet. ref’d).  If
resolution of the ultimate issue turns solely on a question of law, our review
is de novo.  Id.

          Because
the record in this case supports the trial court’s findings of fact, we accept
them as correct.  See Amezquita,
223 S.W.3d at 367 (holding that a reviewing court should accept a trial court’s
findings of fact supported by the record in a habeas corpus proceeding).

          As
her husband did in our prior case, see Meman, 2012 WL 4465193, at *2, Meman
sought habeas relief on the theory that she was denied effective assistance of
counsel under Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052
(1984), and Padilla v. Kentucky, 130 S. Ct. 1473 (2010).  To obtain
relief, Meman had to show by a preponderance of the evidence that (1) counsel’s
performance fell below an objective standard, and (2) that but for counsel’s
unprofessional errors, there is a reasonable probability that she would have
rejected the plea bargain and gone to trial.  See id. at 1482, 1485
(holding that a defendant must show that “a decision to reject the plea bargain
would have been rational under the circumstances”); see also Strickland,
466 U.S. at 687–88, 694, 104 S. Ct. at 2064, 2068; Davis v. State, 278
S.W.3d 346, 352 (Tex. Crim. App. 2009); Ex parte Moreno, 382 S.W.3d 523,
526 (Tex. App.—Fort Worth Aug. 30, 2012, no pet.).

          In
Padilla, the Supreme Court held that, when the relevant immigration
statute states removal consequences for a particular criminal conviction in a
“succinct and straightforward” fashion, counsel has a duty to warn a noncitizen
client of those consequences.  130 S. Ct. at 1483.  In contrast, “[w]hen the
law is not succinct and straightforward . . . , a criminal defense attorney
need do no more than advise a noncitizen client that pending criminal charges
may carry a risk of adverse immigration consequences.”  Id.

          Although
Meman’s conviction became final before the Supreme Court issued its opinion in Padilla,
Meman argues that the Padilla rule regarding “succinct and
straightforward” immigration law controls the issue in this case.  See id.
at 1483.  However, we need not determine whether this rule applies
retroactively because Meman has not demonstrated that it would have been
rational for her to reject the plea bargain.  See id. at 1485; see
also Strickland, 466 U.S. at 694, 104 S. Ct. at 2068.

          The
trial court concluded that Meman “failed to prove that there is a reasonable
probability that she would not have pleaded guilty had counsel advised him
[sic] differently.”  This conclusion is supported by defense counsel’s
affidavit stating that Meman did not want to go to trial, that he explained the
consequences of the plea to Meman, that Meman understood his explanation, and that
Meman determined that deferred adjudication was the “best resolution under the
circumstances.”  As the sole judge of credibility, the trial court was free to
accept defense counsel’s version of the events over Meman’s.  See Amezquita,
223 S.W.3d at 367.

          Because
Meman failed to carry her burden of showing that it would have been rational
for her to reject the plea bargain under the circumstances, we hold that the
trial court did not abuse its discretion by denying relief on her application
for writ of habeas corpus.  See Moreno, 382 S.W.3d 523, 526 (holding that
the trial court did not abuse its discretion by denying habeas relief based on
its reasonable conclusion that the applicant failed to prove by a preponderance
of the evidence that he would not have pleaded guilty but for his counsel’s
alleged error of not informing him of the resulting immigration consequences); see
also Meman, 2012 WL 4465193, at *3 (same).

          Therefore,
we affirm the trial court’s order denying relief on Meman’s application for
writ of habeas corpus.

 

 

BOB MCCOY

JUSTICE

 

PANEL: 
WALKER, MCCOY,
and GABRIEL, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  January 4, 2013








 









[1]See Tex. R. App. P. 47.4.





[2]See Tex. Code Crim.
Proc. Ann. art 11.072 (West 2005).





[3]See Tex. Penal Code
Ann. § 31.03 (West Supp. 2012), § 31.06 (West 2011).  Meman’s husband was also
charged with this offense, pleaded guilty in exchange for deferred adjudication
community supervision, and also subsequently filed a petition for writ of
habeas corpus on which the trial court denied relief.  See Ex parte Meman,
No. 02-12-00098-CR, 2012 WL 4465193, at *1 (Tex. App.—Fort Worth Sept. 27, 2012,
no pet.) (mem. op., not designated for publication).