**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-12-00311-CR**

_____


**EX PARTE QUYEN TRUNG LY**

_____

**On Appeal from the 128th District Court**
**Orange County, Texas**
**Trial Cause No. A-030334-AR**

_____

**ORDER**

The appellant, Quyen Trung Ly, has appealed the trial court's denial of his petition for writ of habeas. *See* Tex. Code Crim. Proc. Ann. art. 11.072 (West 2005). Ly's habeas petition challenged the voluntariness of his plea and asserted a claim of ineffective assistance of counsel. These claims were based upon counsel's alleged failure to properly advise Ly regarding the immigration consequences of pleading guilty to possessing methamphetamine. *See Padilla v. Kentucky*, ___ U.S. ___, 130 S.Ct. 1473, 176 L.Ed.2d 284, 78 U.S.L.W. 4235 (2010); *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

1

To establish a claim of ineffective assistance of counsel, the habeas petitioner must establish both deficient performance by trial counsel and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687-88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To meet his burden of proof, a habeas petitioner must convince the court that a decision to reject a plea bargain would have been rational under the circumstances. *Padilla* at 1485; *Hill*, 474 U.S. at 59. The trial court is not necessarily required to believe the petitioner's testimony that he would have rejected the plea agreement at issue. For example, the Fourteenth Court of Appeals has stated: "The trial court may disbelieve appellant's self-serving testimony that he would not have pled guilty if he had been aware of the immigration consequences of his plea." *Ex parte Fassi*, No. 14-11-00914-CR, 2012 WL 6014603, at *5 (Tex. App.—Houston [14th Dist.] Dec. 4, 2012, no pet. h.).

In the matter before us, the trial court made findings regarding trial counsel's deficient performance; however, the trial court failed to make explicit findings regarding whether Ly suffered prejudice from counsel's allegedly deficient performance.

In habeas proceedings under article 11.072, trial courts are required to make findings of fact and conclusions of law. *See* Tex. Code Crim. Proc. Ann. art. 11.072 § 7. Without more explicit findings on the issue of prejudice, including a finding regarding the credibility of Ly's affidavit that he would have rejected the plea had he known that he would be deportable if he agreed to the plea-bargain at issue, we cannot determine whether the trial court believed that Ly would have rejected the plea-bargain or that Ly

2

would have accepted the plea-bargain even had he known with certainty the consequences to his status as an immigrant. *See Ex parte Moreno*, No. 02-11-00272-CR, 2012 WL 3734003, at \*5 (Tex. App—Fort Worth Aug. 30, 2012, pet. filed).

A remand to allow the trial court to prepare additional findings of fact and conclusions of law is appropriate when the trial court's findings are inadequate for the reviewing court to review the trial court's application of the law to the facts. *See State v. Cullen*, 195 S.W.3d 696, 698-99 (Tex. Crim. App. 2006); *Hester v. State*, 535 S.W.2d 354, 356 (Tex. Crim. App. 1976).

It is, therefore, ORDERED that the case is remanded to the trial court for findings of fact and conclusions of law. *See* Tex. R. App. P. 44.4. In addition to findings on the disputed issues set forth in this order, the trial court may make such other findings as it finds proper. *See, e.g., Martinez v. State*, No. PD-1338-11, 2012 WL 1868492, at \*5 (Tex. Crim. App. May 16, 2012) (not designated for publication).

The appeal is abated while the case is before the trial court. The trial court's findings and conclusions must be reduced to writing and filed in a supplemental clerk's record within thirty days. The appeal will be reinstated without further order of the Court when the supplemental clerk's record is filed.

The appellant may file a supplemental brief addressing the trial court's findings. The appellant's supplemental brief is due thirty days after the supplemental record is

filed. If the appellant files a supplemental brief, the State may file a supplemental brief in response, due thirty days after the appellant files his supplemental brief.

ORDER ENTERED January 10, 2013.

PER CURIAM

Before McKeithen, C.J., Kreger and Horton, JJ.