**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-19-00087-CR**
_____

**EX PARTE RAMON DAMASO JAVIER NOYOLA**

**On Appeal from the 9th District Court**
**Montgomery County, Texas**
**Trial Cause No. 17-11-13496-CR**

## MEMORANDUM OPINION

Appellant Ramon Damaso Javier Noyola appeals the trial court's judgment denying his application for habeas corpus pursuant to Article 11.072, in which Noyola requested relief on the grounds that his guilty plea was allegedly involuntary due to ineffective assistance of counsel. *See* Tex. Code Crim. Proc. Ann. art. 11.072. We affirm the trial court's judgment.

### BACKGROUND

In November 2017, Noyola was charged by information with evading arrest or detention in a motor vehicle, a third-degree felony. In January 2018, Noyola

1

pleaded guilty to the lesser-included offense of attempted evading arrest, a state jail felony. During the plea proceeding the trial judge asked Noyola why he was running from the police, and Noyola stated that he had made a bad decision and "was scared mostly." The trial court deferred a finding of guilt, placed Noyola on community supervision for two years, and assessed a $1000 fine. The record shows that the trial judge specifically advised Noyola that if Noyola did everything that he was required to do, Noyola could request an early termination in a year. At that point, the trial judge asked Noyola if he had followed the plea bargain agreement as Noyola understood it, and Noyola replied affirmatively and indicated that he did not have any questions. The trial judge then stated that he hoped to see Noyola in a year, and Noyola replied, "[s]ounds good."

In June 2018, Noyola filed an application for early termination of probation and dismissal, and the trial court denied the application. In July 2018, the State filed a motion to revoke Noyola's community supervision and to adjudicate his guilt, alleging that Noyola had violated the terms of his community supervision by committing two new offenses in May 2018, and by failing to pay his required fees. In August 2018, the State and Noyola agreed to extend the term of Noyola's community supervision and to amend the conditions.

In November 2018, Noyola filed an application for habeas corpus relief pursuant to Article 11.072, claiming that his guilty plea was involuntary due to the ineffective assistance of his plea counsel. Noyola maintained that his guilty plea was based on a legally untenable promise by his plea counsel that his offense could be expunged and that he was guaranteed early termination in six months. To support his claim, Noyola attached his affidavit to the application, an email that his plea counsel sent to Noyola's father, and Noyola's father's affidavit. In the March 2018 email, plea counsel stated that, since the judge and probation officer were "in lock step" the probation officer would recommend, and the judge would "be on board with early termination[.]" According to Noyola, he relied on his plea counsel's unfulfillable promise, and if he had known that he would not get an early termination and an expunged record, he would not have pleaded guilty and would have proceeded to trial.

In its response to Noyola's application, the State argued that Noyola's claim that he pleaded guilty because he believed that the trial court would terminate his probation after he served six months was not credible, because the record from the plea hearing shows that the trial court advised Noyola that it would consider an early termination in a year, and Noyola agreed that the trial court had followed the plea bargain agreement. The State further argued that the email does not support Noyola's

claim, because plea counsel did not specify how long Noyola had to wait to receive an early termination. Nor does the email indicate that plea counsel advised Noyola that he would be entitled to an expunction. According to the State, Noyola's claims are not believable.

The trial court denied Noyola's application and entered findings of fact and conclusions of law. The trial court found that Noyola's plea counsel was well-qualified for appointment in felony criminal cases; Noyola's and his father's affidavits were not credible; the trial court admonished Noyola twice that the court would consider early termination in a year; Noyola did not inform the trial court that he believed that he was guaranteed early termination after six months; and Noyola's guilty plea was knowing and voluntary. The trial court concluded that Noyola had failed to establish that his plea was involuntary due to the ineffective assistance of counsel.

## ANALYSIS

In two issues on appeal, Noyola complains that the trial court abused its discretion by rendering findings of fact and conclusions of law not supported by the record. In issue one, Noyola argues that the trial court abused its discretion by failing to consider plea counsel's email and the sworn statements that he and his father provided attesting that plea counsel promised that his case would be terminated after

4

six months. In issue two, Noyola argues that the trial court abused its discretion by failing to make adequate findings regarding his credibility because the record does not support the finding that he is not credible. According to Noyola, the trial court abused its discretion by failing to consider corroborating evidence regarding plea counsel's promise of an early termination and expunction, to recognize plea counsel's duties to investigate and properly advise concerning all available options, and to consider the context in which he was manipulated into accepting the plea offer.

We review the denial of habeas corpus relief under an abuse of discretion standard and consider the facts in the light most favorable to the habeas court's ruling. *Ex parte Wheeler*, 203 S.W.3d 317, 324 (Tex. Crim. App. 2006). A habeas court abuses its discretion when its ruling is arbitrary or unreasonable, and we will only overrule the habeas court's ruling if it was outside the zone of reasonable disagreement. *Ex parte Uribe*, 516 S.W.3d 658, 665 (Tex. App.—Fort Worth 2017, pet. ref'd). An applicant seeking habeas corpus relief bears the burden of establishing by a preponderance of the evidence that the facts entitle him to relief. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). Because the habeas court is the sole factfinder in an article 11.072 habeas proceeding, there is less leeway to disregard the court's findings. *Ex parte Garcia*, 353 S.W.3d 785, 788 (Tex. Crim. App. 2011).

5

We afford almost total deference to the habeas court's factual findings supported by the record, especially findings based on credibility and demeanor, and we apply that same deference to its conclusions of law if the resolution of those ultimate questions turns on an evaluation of credibility and demeanor. *Ex parte Torres*, 483 S.W.3d 35, 42 (Tex. Crim. App. 2016); *Ex parte Tarlton*, 105 S.W.3d 295, 297 (Tex. App.—Houston [14th Dist.] 2003, no pet.). Such deference is given even when all the evidence is submitted by affidavits, because a habeas court is not required to accept an applicant's factual statements made in his affidavit. *Ex parte Uribe*, 516 S.W.3d at 665; *Ex parte Moreno*, 382 S.W.3d 523, 526 (Tex. App.—Fort Worth 2012, pet. ref'd). However, if a habeas court's conclusions of law turn on the application of a legal standard, we review the determination *de novo*. *Ex parte Tarlton*, 105 S.W.3d at 297.

A defendant is entitled to effective assistance of counsel when entering a plea. *Ex parte Harrington*, 310 S.W.3d 452, 458 (Tex. Crim. App. 2010). To be entitled to habeas relief based on a claim of ineffective assistance of counsel, the applicant must show that (1) counsel's performance was deficient, in that it fell below an objective standard of reasonableness, and (2) the applicant was prejudiced as a result of counsel's error, and that, but for counsel's errors, there is a reasonable probability of a different outcome. *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984).

6

Concerning a collateral challenge to a guilty plea, the focus of the prejudice inquiry is "whether counsel's constitutionally ineffective performance affected the outcome of the plea process[,]" and whether a defendant has showed that "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). In determining whether counsel was ineffective, we consider the totality of the circumstances. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

In its written factual findings, the habeas court found that the affidavits of Noyola and his father were not credible. The habeas court found that the trial court admonished Noyola twice during the plea proceeding that the court would consider early termination after he served one year of his community supervision, and Noyola failed to inform the trial court that he believed that he was guaranteed early termination after six months. The trial court further found that the claim that trial counsel promised to expunge Noyola's record was not credible, and that the offense report provided credible support of Noyola's guilt. After weighing all the evidence, the habeas court made a judgment call on the credibility of the evidence, disbelieving the most critical statements in the affidavits of Noyola and his father. *See Ex parte Moreno*, 382 S.W.3d at 528-29. Based on this record, we cannot say that the habeas

court's determination as to the credibility of Noyola and his father was outside the zone of reasonable disagreement. *See Ex parte Uribe*, 516 S.W.3d at 665.

Under the totality of the circumstances and deferring to the habeas court's findings of fact, we conclude that the habeas court did not abuse its discretion by denying Noyola's application for writ of habeas corpus, because Noyola failed to establish that ineffective assistance of counsel rendered his plea involuntary. *See Ex parte Harrington*, 310 S.W.3d at 458; *Kniatt*, 206 S.W.3d at 664; *Ex parte Wheeler*, 203 S.W.3d at 324; *Thompson*, 9 S.W.3d at 813. Accordingly, we overrule issues one and two and affirm the trial court's judgment denying habeas relief.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on October 31, 2019
Opinion Delivered November 13, 2019
Do Not Publish

Before McKeithen, C.J., Horton and Johnson, JJ.

8