

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-12-00097-CR

Ex Parte Monaz Ahamad Meman  § From the 396th District Court of

§ Tarrant County

§ (C-396-009450-1154292-AP)

§ January 4, 2013

§ Opinion by Justice McCoy

§ (nfp)

## JUDGMENT

This court has considered the record on appeal in this case and holds that there was no error in the trial court's judgment. It is ordered that the judgment of the trial court is affirmed.

SECOND DISTRICT COURT OF APPEALS

By_____
Justice Bob McCoy



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00097-CR

EX PARTE MONAZ AHAMAD
MEMAN

----------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Monaz Ahamad Meman appeals the trial court's order denying relief on her application for writ of habeas corpus.[2] Meman complains that the trial court erred by denying relief based on an erroneous interpretation of federal immigration law. We affirm.

Meman, a citizen of India, came to the United States in October 2002 and is currently in this country on an "L-1 Visa." On April 17, 2009, the State charged her with the state-jail felony of theft of property by check of $1,500 or more but

---

[1]See Tex. R. App. P. 47.4.

[2]See Tex. Code Crim. Proc. Ann. art 11.072 (West 2005).

less than $20,000.[3]  Meman pleaded guilty to the charge on September 28, 2009, and the trial court accepted her plea but deferred adjudicating her guilt and placed her on community supervision, imposed a $500 fine, and ordered her to pay restitution.

Meman applied for a writ of habeas corpus on October 11, 2011, claiming that her plea was not freely and voluntarily entered because her criminal defense counsel failed to properly admonish her regarding the negative consequences the plea could have on her immigration status.

According to Meman's sworn affidavit attached to her application for writ of habeas corpus, she and her husband contacted an immigration attorney in late 2010 to begin the "green card" application process.  By Meman's account, the immigration attorney informed her that, because immigration law treats deferred adjudication the same as a conviction, she could not obtain a green card, her current visa could be either revoked or denied renewal, and she could not become a naturalized United States citizen.  Meman also averred that she told defense counsel about her desire to preserve her immigration status, her ability to obtain a green card, and her ability to become a naturalized citizen, and that

_____

[3]*See* Tex. Penal Code Ann. § 31.03 (West Supp. 2012), § 31.06 (West 2011).  Meman's husband was also charged with this offense, pleaded guilty in exchange for deferred adjudication community supervision, and also subsequently filed a petition for writ of habeas corpus on which the trial court denied relief.  *See Ex parte Meman*, No. 02-12-00098-CR, 2012 WL 4465193, at *1 (Tex. App.—Fort Worth Sept. 27, 2012, no pet.) (mem. op., not designated for publication).

3

when she met with defense counsel for the last time before she signed the plea agreement, he told her that the case would be dismissed and have no effect on her immigration status if she paid the restitution.

In response to Meman's application, the State filed defense counsel's affidavit. According to defense counsel, he negotiated two plea bargains for Meman in which the State would have dismissed its case against her if she had paid restitution, but she failed to pay in both instances; despite her failure to pay under the terms of the first two plea bargains, he negotiated a third plea bargain in which Meman would receive deferred adjudication; and he explained deferred adjudication to Meman. Defense counsel also claims that he reviewed the plea paperwork's immigration warnings with Meman, cautioned her about the potential consequences, and told her that she should consult an immigration attorney before accepting the plea if she had any questions. Further, defense counsel stated that Meman did not want to go to trial, she understood what deferred adjudication meant, and she agreed that deferred adjudication was the best resolution under the circumstances.

After reviewing the evidence, the trial court denied Meman's application and adopted the State's proposed findings of fact and conclusions of law. Among the findings, the trial court determined that Meman cannot adjust her status and will be deported; "[i]t is reasonable that a criminal defense attorney, not board certified in immigration law, would likely refer to the section on deportability when determining whether [Meman was] 'deportable' because she

4

had already been admitted" to the United States; the law regarding whether Meman was "deportable due to this one crime of moral turpitude is not succinct and straightforward"; and Meman did not say what she would have done instead of accepting the plea offer.

The trial court concluded, "Because [Meman] was properly advised that her plea may have immigration consequences and chose to plead guilty, [Meman] has failed to prove that there is a reasonable probability that she would not have pleaded guilty had counsel advised him [sic] differently." The trial court also concluded that Meman failed to prove that she received ineffective assistance of counsel or that her plea was involuntary due to ineffective assistance of counsel.

On appeal, Meman complains that the trial court erred by denying habeas relief based on its erroneous conclusion that her guilty plea had no definite immigration consequences.

We review the trial court's ruling on a habeas claim for an abuse of discretion. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App.), *cert. denied*, 549 U.S. 1052 (2006); *Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003), *overruled on other grounds by Ex parte Lewis*, 219 S.W.3d 335 (Tex. Crim. App. 2007). Under this standard, we afford almost total deference to the trial court's findings of fact, particularly when those findings are based upon an evaluation of credibility and demeanor. *Ex parte Amezquita*, 223 S.W.3d 363, 367 (Tex. Crim. App. 2006). We apply the same deference to the trial court's

application of law to questions of fact if resolution of those issues requires an evaluation of credibility and demeanor. *Ex parte Legrand*, 291 S.W.3d 31, 35–36 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd). If resolution of the ultimate issue turns solely on a question of law, our review is de novo. *Id.*

Because the record in this case supports the trial court's findings of fact, we accept them as correct. *See Amezquita*, 223 S.W.3d at 367 (holding that a reviewing court should accept a trial court's findings of fact supported by the record in a habeas corpus proceeding).

As her husband did in our prior case, *see Meman*, 2012 WL 4465193, at *2, Meman sought habeas relief on the theory that she was denied effective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984), and *Padilla v. Kentucky*, 130 S. Ct. 1473 (2010). To obtain relief, Meman had to show by a preponderance of the evidence that (1) counsel's performance fell below an objective standard, and (2) that but for counsel's unprofessional errors, there is a reasonable probability that she would have rejected the plea bargain and gone to trial. *See id.* at 1482, 1485 (holding that a defendant must show that "a decision to reject the plea bargain would have been rational under the circumstances"); *see also Strickland*, 466 U.S. at 687–88, 694, 104 S. Ct. at 2064, 2068; *Davis v. State*, 278 S.W.3d 346, 352 (Tex. Crim. App. 2009); *Ex parte Moreno*, 382 S.W.3d 523, 526 (Tex. App.—Fort Worth Aug. 30, 2012, no pet.).

In *Padilla*, the Supreme Court held that, when the relevant immigration statute states removal consequences for a particular criminal conviction in a "succinct and straightforward" fashion, counsel has a duty to warn a noncitizen client of those consequences. 130 S. Ct. at 1483. In contrast, "[w]hen the law is not succinct and straightforward . . . , a criminal defense attorney need do no more than advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences." *Id.*

Although Meman's conviction became final before the Supreme Court issued its opinion in *Padilla*, Meman argues that the *Padilla* rule regarding "succinct and straightforward" immigration law controls the issue in this case. *See id.* at 1483. However, we need not determine whether this rule applies retroactively because Meman has not demonstrated that it would have been rational for her to reject the plea bargain. *See id.* at 1485; *see also Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.

The trial court concluded that Meman "failed to prove that there is a reasonable probability that she would not have pleaded guilty had counsel advised him [sic] differently." This conclusion is supported by defense counsel's affidavit stating that Meman did not want to go to trial, that he explained the consequences of the plea to Meman, that Meman understood his explanation, and that Meman determined that deferred adjudication was the "best resolution under the circumstances." As the sole judge of credibility, the trial court was free

to accept defense counsel's version of the events over Meman's. *See Amezquita*, 223 S.W.3d at 367.

Because Meman failed to carry her burden of showing that it would have been rational for her to reject the plea bargain under the circumstances, we hold that the trial court did not abuse its discretion by denying relief on her application for writ of habeas corpus. *See Moreno*, 382 S.W.3d 523, 526 (holding that the trial court did not abuse its discretion by denying habeas relief based on its reasonable conclusion that the applicant failed to prove by a preponderance of the evidence that he would not have pleaded guilty but for his counsel's alleged error of not informing him of the resulting immigration consequences); *see also Meman*, 2012 WL 4465193, at *3 (same).

Therefore, we affirm the trial court's order denying relief on Meman's application for writ of habeas corpus.

> BOB MCCOY
> JUSTICE

PANEL: WALKER, MCCOY, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: January 4, 2013