**AFFIRMED and Opinion Filed June 11, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00264-CR

### EX PARTE ORLANDO GUTIERREZ

**On Appeal from the 363rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. WX13-90023-W**

## MEMORANDUM OPINION

Before Justices Moseley, O'Neill, and FitzGerald
Opinion by Justice Moseley

Orlando Gutierrez appeals the trial court's order denying relief on his application for writ of habeas corpus. Appellant did not timely file a brief. In his writ application, appellant contended he received ineffective assistance of counsel. We affirm.

### BACKGROUND

Appellant, a thirty-year-old citizen of Columbia, has resided in the United States since he was two years old. He has had Lawful Permanent Resident status since 2004. His parents, four siblings, and three children are United States citizens.

In 2011, appellant was arrested and charged with burglary of a habitation. In 2012, while out on bond on the burglary charge, appellant was arrested and charged with possession with intent to deliver heroin in an amount of one gram or more but less than four grams. Trial counsel was appointed to represent appellant on both pending charges and on a third charge for evading

arrest. On January 10, 2013, appellant entered a negotiated guilty plea to the heroin and burglary offenses in exchange for four years of deferred adjudication community supervision.[1]

Subsequently, appellant was detained by Immigration and Customs Enforcement ("ICE" hereinafter) and is in removal proceedings. The ICE Notice to Appear shows ICE recited appellant's three 2013 offenses and an earlier 2011 conviction for possession of marijuana. ICE charged appellant with violating a state law relating to a controlled substance, conviction of an aggravated felony relating to drug trafficking, and commission of two crimes involving moral turpitude not arising out of a single scheme of criminal conduct. The immigration judge did not find the moral turpitude allegation to be true.

On July 5, 2013, appellant filed an application for writ of habeas corpus alleging he received ineffective assistance of counsel in connection with his plea to the heroin offense. Appellant submitted an affidavit in connection with his application and the trial court conducted a hearing to elicit testimony from appellant's trial counsel and his immigration counsel.

During the habeas hearing, appellant's immigration counsel, Isabel Cruz, testified she would have advised appellant not to take the plea because any violation of a controlled substance law that has an "intent to deliver aspect" qualifies as an aggravated felony. Because appellant was a lawful permanent resident of the United States for the past five years and had resided in the United States for the past seven years, he would have been eligible to apply for relief from deportation had he not been convicted of an aggravated felony. Cruz testified appellant's other convictions would not have triggered automatic deportation. Had appellant pleaded guilty to simple possession, Cruz believed he would have had a good chance to prevail in his immigration case given his history, lengthy period of residency in the United States, and family ties.

---

[1] The evading arrest charge was resolved separately. According to documents from the Department of Homeland Security admitted into evidence, appellant was convicted of this offense on January 18, 2013. The record does not address what the disposition of this case entailed.

In his affidavit, appellant averred trial counsel never discussed immigration consequences with him. According to appellant, trial counsel told him trial counsel did not know how the plea would affect his immigration status and urged him to seek immigration counsel. Appellant alleged he was suffering from withdrawal symptoms from his drug addiction and was not thinking clearly. Appellant averred he did not intend to deliver the heroin and asserted that if he had known he faced mandatory deportation, he would have elected to proceed with a jury trial to contest the "intent to deliver" portion of the charge.

Trial counsel testified. He described the evidence against appellant as showing appellant was a passenger in a car police stopped for a traffic violation. Police discovered a plate with what appeared to be heroin residue between appellant's feet. Appellant attempted to flee on foot and during the struggle with police, suffered a broken arm. The police discovered appellant was carrying 1.03 grams of heroin in a small pill bottle. Appellant faced an "intent to deliver" charge rather than simple possession because of the amount of the heroin he was carrying and the fact it was portioned into fourteen individually wrapped amounts.

Trial counsel testified the State was not willing to drop the "intent to deliver" aspect of the charge and made a plea bargain offer to appellant of five years' imprisonment in both the burglary and drug cases. Trial counsel negotiated the plea offer down to four years' deferred adjudication. Trial counsel believed appellant had "a heroin problem" because appellant was jailed after showing up at the probation office for his presentence report interview while "intoxicated or on something."

Trial counsel testified he could not recall the specifics of his deportation advice to appellant but he did recall knowing appellant was not a citizen of the United States and at some point he "told him because of the nature of the charges, that he faced the real consequence or likelihood of being deported." On the date of the plea hearing, trial counsel went over the plea

papers with appellant including the immigration admonishment. The written admonishment given to appellant warned him that he was "almost certain" to be deported as a result of his guilty plea. Trial counsel used the language in the admonishment forms to advise appellant that he "probably" would be deported. Trial counsel testified appellant did not ask any questions or express any concern about his immigration status. Trial counsel believed he had already advised appellant to seek the advice of an immigration attorney and had offered to provide a referral. Appellant never requested a referral to an immigration attorney but did ask about getting a lawyer for the purpose of suing the police department over the broken arm he suffered while being arrested. Trial counsel testified appellant's main concern was that he not go to prison. Trial counsel testified he did not advise appellant whether to take the plea offered but merely laid out appellant's options.

When asked to describe his trial strategy if appellant had elected to proceed to trial, trial counsel testified:

> I may have filed a Motion to Suppress just in an effort to try to see if we could get it thrown out, but I wasn't confident that would work. The drugs were found on his possession in a pill bottle where he ran from the scene. I was concerned that whether they tried that case first or the burglary case first, that he would be convicted and face the possibility of going to prison.

Trial counsel explained he was particularly concerned about the possibility appellant would be sentenced to prison if he went to trial because the evidence of his other offenses would come into evidence during the punishment phase. He could argue the amount possessed was too low to qualify as an intent to deliver offense but appellant had confessed the burglary to police and he had also told them he ran from them because he had drugs. Trial counsel summed up his position by stating he thought appellant would have been convicted if he had gone to trial.

Trial counsel admitted appellant was told during the plea hearing that he would receive drug treatment. Trial counsel recalled that appellant and his family were happy with the outcome

of the plea because they did not want him to receive prison time and thought he would be getting help with his drug problem.

The trial court denied relief and entered findings of fact and conclusions of law. The trial court concluded appellant had failed to meet either prong of the *Strickland* standard for evaluating ineffective assistance claims.

APPLICABLE LAW AND STANDARD OF REVIEW

An applicant for habeas corpus relief must prove his claim by a preponderance of the evidence. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). In post-trial habeas proceedings in which the applicant received community supervision, the trial judge is the sole finder of fact. *State v. Guerrero*, 400 S.W.3d 576, 583 (Tex. Crim. App. 2013). The reviewing court affords almost total deference to the trial court's factual findings when supported by the record, especially when those findings are based upon credibility and demeanor. *Id*. In reviewing the trial court's order, we view the facts in the light most favorable to the trial court's ruling, and we uphold the ruling absent an abuse of discretion. *Kniatt*, 206 S.W.3d at 664. If the resolution of the ultimate question turns on an application of legal standards, we review the determination de novo. *Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003) (per curiam), *overruled on other grounds by Ex parte Lewis*, 219 S.W.3d 335 (Tex. Crim. App. 2007).

To show he received ineffective assistance of counsel, appellant must show (1) counsel's performance fell below an objective standard of reasonableness; and (2) a reasonable probability exists that, but for counsel's errors, the result would have been different. *Padilla v. Kentucky*, 559 U.S. 356, 366 (2010); *Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984). In the context of a complaint about counsel's plea advice, appellant must show (1) counsel's plea advice did not fall within the wide range of competence demanded of attorneys in criminal cases

and (2) there is a reasonable probability that, but for counsel's deficient performance, appellant would have insisted on going to trial rather than accepting the offer and pleading guilty. *Ex parte Harrington,* 310 S.W.3d 452, 458 (Tex. Crim. App. 2010). To meet his burden under the second prong, the applicant must convince the court that a decision to reject the plea bargain would have been rational under the circumstances. *See Padilla*, 559 U.S. at 372. The defendant need not show he would have received a more favorable outcome at trial. *Johnson v. State*, 169 S.W.3d 223, 231 (Tex. Crim. App. 2005). Appellant bears the burden of proving counsel was ineffective by a preponderance of the evidence. *Ex parte Martinez*, 330 S.W.3d 891, 901 (Tex. Crim. App. 2011).

Inaccurate advice regarding deportation may constitute ineffective assistance. *See Padilla*, 559 U.S. at 366. When the consequences are "not succinct and straightforward," counsel's duty is to advise the defendant of the possibility that the plea may carry a risk of adverse immigration consequences. *Id*. at 369. When, however, federal immigration law clearly specifies that the defendant will be deported, counsel has a duty to correctly advise the defendant about the immigration consequences of the plea. *Id*. If counsel fails to give correct advice, thus satisfying the first prong of the test, the defendant satisfies the second prong by showing that had he been aware of the immigration consequences, a decision to reject the plea and proceed to trial would have been rational under the circumstances. *Id*. at 372.

The Immigration and Nationality Act authorizes the Attorney General of the United States to order the removal of any alien convicted of, among other offenses, multiple criminal offenses, an aggravated felony, or violations of controlled substance laws. *See* 8 U.S.C.A. § 1227(a))(2)(A)(ii), (iii); 1227(a)(2)(B)(i) (West 2005). Deferred adjudication is considered to be a conviction if the defendant entered a guilty or no-contest plea and punishment is assessed. *See id*. at § 1101(a)(48)(A). A drug abuser or drug addict is also deportable. *See id*. at §

1227(a)(2)(B)(ii).  If, however, the alien has been a permanent legal resident of the United States for over five years, has resided continuously in the United States for at least seven years, and has not been convicted of an aggravated felony, the Attorney General has the discretion to cancel removal of the alien. *See id.* at § 1229b(a); *Carachuri-Rosendo v. Holder*, 560 U.S. 563, 566–67 (2010).  Possession with intent to deliver heroin in an amount of one gram or more but less than four grams qualifies as an aggravated felony under federal immigration law.  *See* 8 U.S.C.A. § 1101(a)(43)(B) (West 2005).

### ANALYSIS

The trial court concluded appellant failed to meet either prong of the *Strickland* standard. Because we consider it decisive, we turn to the arguments and evidence regarding the second prong.  *See Strickland*, 466 U.S. at 697 (allowing reviewing court to dispose of ineffectiveness claim on second prong without considering first prong).  There being no brief to consider, we turn to appellant's contentions before the trial court.

By pleading guilty to a drug trafficking offense, appellant lost the possibility of applying for cancellation of removal and he thus faces mandatory deportation.  *See* 8 U.S.C.A. §§ 1227(a)(2)(A)(iii), 1229b(a).  Appellant contended counsel's ineffective assistance harmed him because had he understood the importance of the "intent to deliver" element, he would have gone to trial to contest the "intent to deliver" element of the crime with the argument that he was a user rather than a dealer.  He contended that, had he been convicted of simple possession, he had a good argument to press for cancellation of removal because of his longstanding residence and family ties to the United States. *See Ex parte Rodriguez*, 378 S.W.3d 486, 490–91 (Tex. App.—San Antonio 2012, pet. ref'd), *cert. denied*, 134 S.Ct. 785 (2013) (explaining factors for consideration of cancellation of removal).  Appellant contended the evidence shows it is unlikely

he would have given up his right to a jury trial given the harsh consequence of losing his family and children.

Among its findings of fact, the trial court found the State was unwilling to drop the "intent to deliver" allegation or to reduce the offense to possession under one gram. The trial court also found trial counsel advised appellant that "he was likely to be and probably would be deported" and advised him to seek advice from an immigration attorney. The trial court found appellant did not mention any immigration concerns to counsel and he did not seek immigration counsel until after he entered his plea. The trial court also found appellant's "main concern was not going to jail or prison." Furthermore, the trial court found the State's initial plea bargain offer to appellant required five years' confinement. The trial court acknowledged the evidence in the record showed appellant was arrested with fourteen individually wrapped heroin capsules in his pocket weighing 1.03 grams and a plate of heroin residue at his feet. The trial court found "the evidence of [appellant's] guilt of possession with intent to deliver was overwhelming."

Based on its findings, the trial court concluded trial counsel informed appellant that he "was likely to be and almost certain to be deported" and the trial court plea papers informed him that he was "almost certain" to be deported. The trial court further concluded that appellant "was more concerned with avoiding a jail sentence than about the immigration consequences of entering a guilty plea." The trial court further concluded appellant:

> has failed to show the availability of any plea bargain that would have allowed him to avoid the potential negative immigration consequences incident to his plea. He has failed to show any legal or factual defense to the offense charged. Thus, he failed to prove that it would have been rational for him to reject the plea bargain and proceed to trial.

Because the record evidence supports the trial court's findings, we accord them due deference. *See Guerrero*, 400 S.W.3d at 583.

Given that appellant knew he faced a strong likelihood of deportation if he entered a guilty plea, his failure to express any concern about the immigration consequences of his plea, his primary motivation of avoiding imprisonment, the felony punishment range for the offenses, the strength of the State's evidence that he intended to deliver the heroin, and the fact that a favorable trial verdict on the "intent to deliver" element would still leave him facing deportation proceedings with merely an opportunity to plead for cancellation of removal, we conclude the trial court acted within its discretion in concluding appellant could not meet his burden to show prejudice from trial counsel's advice. *See Padilla*, 559 U.S. at 372; *Ex parte Moreno*, 382 S.W.3d 523, 530 (Tex. App.—Fort Worth 2012, pet. ref'd) (deferential standard of review mandated support for trial court's judgment call that habeas applicant failed to prove he would not have pleaded guilty but for trial counsel's allegedly deficient conduct).

Finding no abuse of discretion, we affirm the trial court's order denying relief on appellant's application for writ of habeas corpus.

/Jim Moseley/
JIM MOSELEY
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
140264F.U05

–9–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

EX PARTE ORLANDO GUTIERREZ

No. 05-14-00264-CR

On Appeal from the 363rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. WX13-90023-W.
Opinion delivered by Justice Moseley.
Justices O'Neill and FitzGerald participating.

Based on the Court's opinion of this date, the order of the trial court denying relief on appellant's application for writ of habeas corpus is **AFFIRMED**.

Judgment entered this 11th day of June, 2014.

/Jim Moseley/
JIM MOSELEY
JUSTICE