PD-0437-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 5/14/2015 11:44:50 AM
Accepted 5/15/2015 11:39:31 AM
ABEL ACOSTA
CLERK

NO. PD-0437-15
IN THE COURT OF CRIMINAL APPEALS OF TEXAS
AUSTIN, TEXAS

NO. 14–14–00598–CR
IN THE COURT OF APPEALS FOR THE
FOURTEENTH DISTRICT OF TEXAS
AT HOUSTON

TRIAL COURT NO. 1922970
IN THE COUNT COURT AT LAW NO. 2
OF HARRIS COUNTY, TEXAS

EX PARTE MARIO R. AVILA,
*Appellant*

APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

FILED IN
COURT OF CRIMINAL APPEALS

May 15, 2015

ABEL ACOSTA, CLERK

Nicole DeBorde
Bires Schaffer and DeBorde
SBOT 00787344
712 Main Street, Suite 2400
Houston, Texas 77002
(713) 228-8500 – telephone
(713) 228-0034 – facsimile
Nicole@BSDLawFirm.com

Attorney for Appellant,
Mario R. Avila

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to TEX. R. APP. PROC. 68.4(c), appellant requests oral argument.

## TABLE OF CONTENTS

TABLE OF CONTENTS................................................................................. ii

INDEX OF AUTHORITIES............................................................................iv

STATEMENT REGARDING ORAL ARGUMENT ...............................................vi

STATEMENT OF THE CASE.......................................................................vi

STATEMENT OF PROCEDURAL HISTORY........................................................ vii

GROUND FOR REVIEW NUMBER ONE.............................................................6

**Does the Fourteenth Court of Appeals' decision in *Ex parte Murillo* conflict with the Eighth Court of Appeals' decision in *Ex parte De Los Reyes* on the issue of prejudice in ineffective assistance of counsel claims brought pursuant to *Padilla v. Kentucky*?**

ARGUMENT ...........................................................................................6

PRAYER FOR RELIEF ...............................................................................19

CERTIFICATE OF COMPLIANCE....................................................................22

CERTIFICATE OF SERVICE .......................................................................23

APPENDIX ........................................................................................ A-1

# INDEX OF AUTHORITIES

**CASES**                                                                                               **PAGE**

*Ex parte De Los Reyes*, 350 S.W.3d 723 (Tex. App.—El Paso 2011, pet. granted)
*rev'd on retroactivity grounds*, 392 S.W.3d 675 (Tex. Crim. App. 2013)...........6, 7

*Ex parte Mario R. Avila*, 14-14-00598-CR, op. issued March 17, 2015 (Tex.
App.—Houston [14th Dist.] 2014, no pet h.)..........................................................6

*Ex parte Murillo*, 389 S.W.3d 922 (Tex. App.—Houston [14th Dist.] 2013,
no pet.)..............................................................................................................6, 7

*Ex parte Obi*, 446 S.W.3d 590 (Tex. App.—Houston [1st. Dist.] 2014,
pet ref'd.)..............................................................................................................6

*Ex parte Torres*, No. 08-12-00244-CR, 2014 WL 1168929, at *6 (Tex. App.—El
Paso Mar. 21, 2014, pet. granted)..........................................................................6

*Padilla v. Kentucky,* 559 U.S. 356 (2010)...........................................................5, 7

**STATUTES AND RULES**

Tex. R. App. P. 66.3(a)........................................................................................6, 7

Tex. R. App. P. 68.4(a)..........................................................................................3

## IDENTIFY OF PARTIES AND COUNSEL

Pursuant to Tex. R. App. P. 68.4(a), a complete list of the names and all interested parties is provided below.

| | |
|---|---|
| Appellant: | Mario Roberto Avila<br>ID No. 094-858-338<br>Joe Corley Detention Center<br>500 Hilbig Road<br>Conroe, Texas 77301 |
| Presiding Judge: | Hon. William T. Harmon<br>Presiding Judge<br>Harris County Criminal Court at Law No. 2<br>1201 Franklin, 7th Floor<br>Houston, TX  77002 |
| Trial Prosecutor: | Lindsey Vanik<br>Adam Brodrick<br>Assistant District Attorneys<br>Harris County District Attorney's Office<br>1201 Franklin, 6th Floor<br>Houston, Texas 77002 |
| Defense Counsel: | Gary Polland<br>Valeria Lee Brock<br>Polland & Associates<br>Attorney at Law<br>2211 Norfolk Street, Suite 920<br>Houston, Texas 77098 |
| State's Appellate Counsel: | Hon. Devon Anderson<br>Harris County District Attorney<br>1201 Franklin<br>Houston, Texas 77002 |

Appellant's Counsel:              Nicole DeBorde
                                  Bires Schaffer & DeBorde
                                  Attorney at Law
                                  JPMorgan Chase Bank Building
                                  712 Main Street, Suite 2400
                                  Houston, Texas 77002

TO THE COURT OF CRIMINAL APPEALS:

## STATEMENT OF THE CASE

Appellant was arrested on May 8, 2010, for possession of marijuana when officers of the Houston Police Department conducted a traffic stop on a vehicle Appellant was riding as a passenger in. (4 R.R. 11-12). Appellant pleaded guilty to the charge on September 28, 2010, which resulted in Immigration and Customs Enforcement (ICE) initiating removal proceedings against Appellant because he was a noncitizen at the time of the plea.

### STATEMENT OF PROCEDURAL HISTORY

On October 3, 2013, Appellant filed an Application for Writ of Habeas corpus pursuant to article 11.09 of the Texas Code of Criminal Procedure. (C.R. 5).[1] On October 25, 2013, Appellant filed a First Amended Application for Writ of Habeas Corpus. (C.R. 50). The applications alleged, as a sole ground, he was denied the Sixth Amendment right to counsel as his trial attorney failed to advise deportation from the United States was presumptively mandatory following a guilty plea to possession of marijuana as required by the United States Supreme Court decision *Padilla v. Kentucky,* 559 U.S. 356 (2010).

On June 19, 2014, after conducting a hearing, the trial court denied Appellant habeas relief. (C.R. 121). Appellant timely appealed. (C.R. 122).

---

[1] "C.R." will be used to reference the Clerk's Record, and "R.R." will be used to reference the Reporter's Record. Mr. Avila will be referred to as "Appellant"

On March 17, 2015, the Fourteenth Court of Appeals affirmed the trial court's judgment. *Ex parte Mario R. Avila*, 14-14-00598-CR, op. issued March 17, 2015 (Tex. App.—Houston [14th Dist.] 2014, no pet h.). No motion for rehearing was filed. Appellant now timely petitions this Honorable Court for discretionary review. Appellant presents one (1) ground for review before this Honorable Court.

<u>APPELLANT'S FIRST GROUND FOR REVIEW</u>

**Does the Fourteenth Court of Appeals' decision in *Ex parte Murillo* conflict with the Eighth Court of Appeals' decision in *Ex parte De Los Reyes* on the issue of prejudice in ineffective assistance of counsel claims brought pursuant to *Padilla v. Kentucky*?**

<u>ARGUMENT</u>

The Fourteenth Court of Appeals' decision in this case and *Ex parte Murillo*, 389 S.W.3d 922 (Tex. App.—Houston [14th Dist.] 2013, no pet.); *accord Ex parte Obi*, 446 S.W.3d 590 (Tex. App.—Houston [1st. Dist.] 2014, pet ref'd.) conflict with the Eighth Court of Appeals' decision in *Ex parte De Los Reyes*, 350 S.W.3d 723 (Tex. App.—El Paso 2011, pet. granted), *rev'd on retroactivity grounds*, 392 S.W.3d 675 (Tex. Crim. App. 2013); *accord Ex parte Torres*, No. 08-12-00244-CR, 2014 WL 1168929, at *6 (Tex. App.—El Paso Mar. 21, 2014, pet. granted) (recognizing conflict in approaches to the issue of prejudice amongst appellate courts) such that review is warranted pursuant to Tex. R. App. P. 66.3(a).

In *Padilla v. Kentucky*, the United States Supreme Court only addressed the deficient performance prong of *Strickland*, leaving the lower courts to formulate their own approaches to the issue of prejudice. 559 U.S. at 360. Consequently, a conflict amongst the intermediate appellate courts of this state has developed.

While the Fourteenth Court of Appeals has adopted the four-factor approach to prejudice that assesses an applicant's probability of success at trial, the Eighth Court of Appeals has rejected a merits-based prejudice inquiry, recognizing "[d]eprivation of a trial" stemming from a *Padilla* violation "is a structural defect, which amounts to a serious denial of the entire judicial proceeding itself, and demands a presumption of prejudice." *See Ex parte Murillo*, 389 S.W.3d at 928–31; *Ex parte De Los Reyes*, 350 S.W.3d at 730.

The Fourteenth Court of Appeals' decision in this case is in conflict with the Eighth Court of Appeals' decision in *Ex parte De Los Reyes*, which was neither discussed nor distinguished. Accordingly, review is warranted pursuant to Tex. R. App. P. 66.3(a).

<u>PRAYER FOR RELIEF</u>

WHEREFORE, PREMISES CONSIDERED, Appellant prays that this Honorable Court grant this Petition for Discretionary Review. Following the grant of review, Appellant prays that the judgment of the Court of Appeals be reversed

7

and rendered, or reversed and a new trial ordered, or the case remanded for further review.

Respectfully submitted,

*/s/ Nicole DeBorde*
Nicole DeBorde
BIRES SCHAFFER AND DEBORDE
Texar Bar No. 00787344
712 Main Street, Suite 2400
Houston, Texas 77002
(713) 228-8500 – Telephone
(713) 228-0034 – Facsimile
Email: Nicole@BSDLawFirm.com

Attorney for Appellant,
Mario R. Avila

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 9 of the Texas Rules Appellate Procedure, the undersigned counsel of record certifies that the Petition for Discretionary Review contains 1158 words.

*/s/ Nicole DeBorde*
Nicole DeBorde

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true copy of Appellant's petition for discretionary review has been either personally served upon or mailed by U.S. Postal Service certified mail, return receipt requested, on May 14, 15, to the following persons:

Devon Anderson
District Attorney
1201 Franklin, Suite 600
Houston, Texas 77002

Alan Curry, Assistant District Attorney
Appellate Section
1201 Franklin, Suite 600
Houston, Texas 77002

State Prosecuting Attorney
P.O. Box 12405
Austin, Texas 78711

Respectfully submitted,


*/s/ Nicole DeBorde*
Nicole DeBorde

**A P P E N D I X**

**Affirmed and Memorandum Opinion filed March 17, 2015.**



In The

# 𝔉𝔬𝔲𝔯𝔱𝔢𝔢𝔫𝔱𝔥 𝔆𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰

## NO. 14-14-00598-CR

## EX PARTE MARIO R. AVILA, Appellant

**On Appeal from County Criminal Court at Law No. 2
Harris County, Texas
Trial Court Cause No. 1922970**

## M E M O R A N D U M   O P I N I O N

In this appeal from the denial of appellant Mario R. Avila's application for writ of habeas corpus, appellant asserts that the trial court abused its discretion by denying his request for habeas relief. Specifically, appellant asserts that his trial counsel was ineffective for failing to advise him that removal from the United States was presumptively mandatory following a guilty plea to possession of marijuana. We affirm.

BACKGROUND

In May 2010, Houston Police Department officers conducted a traffic stop on a vehicle in which appellant was the front-seat passenger. When the officers approached the vehicle, one of them saw the back-seat passenger wedge something under his seat. The other officer asked the driver for his driver's license; the driver replied that he did not have one. This officer detained the driver for driving without a license, while the other officer detained appellant and the back-seat passenger. While the officers were speaking to appellant, they noticed a strong odor of marijuana coming from his clothing. When asked if he had smoked marijuana, appellant responded that he had "smoked weed" earlier that night.

The officers then searched the vehicle and found a small bag of marijuana wedged between the ceiling and the windshield on the front passenger side of the car where appellant had been sitting. One of the officers asked the driver who the marijuana belonged to, and the driver said that it was appellant's. In the back of the car, the officers found a small bag of cocaine wedged in between the back-passenger seat and the floor board. The officers then arrested appellant for possession of marijuana, the back-seat passenger for possession of a controlled substance, and the driver for failure to display a valid driver's license.

The State charged appellant with the Class B misdemeanor offense of possession of marijuana in an amount of two ounces or less. Appellant retained defense counsel David Paz, who had represented appellant in a possession-of-marijuana case in 2009, which resulted in deferred adjudication appellant had successfully completed shortly before being arrested in the underlying case. Paz appeared with appellant in court for an initial setting; Paz's associate, lawyer Elise DuBroeck, appeared in court with appellant on September 28, 2010, when appellant pleaded guilty pursuant to a plea bargain agreement with the State. The

trial court accepted appellant's plea, found him guilty, followed the terms of the plea agreement, and sentenced appellant to confinement in the Harris County Jail for three days and a $100.00 fine.

Appellant, a Honduran native in the United States on temporary protected status (TPS), was subsequently detained by United States Immigration and Customs Enforcement and is facing removal proceedings.[1] On October 3, 2013, appellant filed an application for writ of habeas corpus pursuant to article 11.09 of the Texas Code of Criminal Procedure.[2] In his application, appellant alleged as the sole ground for relief that his plea was involuntary because his trial counsel failed to advise him that removal from the United States was presumptively mandatory following his guilty plea to possession of marijuana.

The trial court heard appellant's application for writ of habeas corpus on March 7 and June 18, 2014. Paz testified that there was no notation in his file about appellant being in the country on TPS. Paz stated that he would ordinarily advise his non-citizen clients charged with possession of marijuana that they would be mandatorily detained and that the conviction could be used to deport them. But Paz acknowledged he was not present when appellant entered his guilty plea. He also admitted he had no independent recollection whether appellant informed him that appellant was under TPS. Paz stated that he spoke with DeBroeck on the phone the day of appellant's plea about appellant's Honduran citizenship. He explained that it

---

[1] An alien who is convicted of two misdemeanors is not eligible for TPS. *See* 8 U.S.C.A. § 1254a(a)(1), (b) (describing TPS); *id.* § 1254a(c)(2)(B)(i), (3)(1) (providing alien convicted of two misdemeanors is not eligible for TPS); *see also* 8 U.S.C.A. § 1227(a)(2)(B)(i) (providing that any alien who, after admission to the United States, has been convicted of a controlled substance offense, other than a single offense involving possession for one's own use of 30 grams or less of marijuana, is deportable).

[2] Appellant filed an amended application on October 25.

3

was not part of his normal practice to say appellant would be mandatorily deported.

The trial court questioned Paz regarding appellant's earlier dismissal of possession-of-marijuana charges after appellant successfully completed his deferred adjudication period. The habeas court noted that six months after appellant was discharged from that deferred adjudication, appellant was arrested for the possession-of-marijuana case from which this habeas application arose.

DuBroeck also testified at the hearing. She testified that she "advise[s] all of [her] clients who are not citizens of immigration consequences of their plea." She did not recall calling Paz regarding appellant's case, but acknowledged that she could have done so and that she frequently contacted him "for out of the ordinary criminal or immigration issue[s]." She stated that the criminal case against appellant was "very straight forward." She explained, "I was aware he was not a citizen of the United States, which is why we discussed immigration issues that might result from his actions in court." She testified that she warned her non-citizen clients "that any, any agreement they made with the State, any plea of guilt that they entered could result in deportation consequences, up to and including deportation." However, she repeatedly acknowledged that she could not recall the specifics of the advice she gave appellant regarding the immigration consequences of his guilty plea.

DeBroeck also described the events surrounding appellant's arrest. She stated that, in her opinion, the traffic stop that resulted in appellant's arrest was a lawful stop and lawful detention because the driver was driving without a valid license. She further testified that, because the officer smelled marijuana, he began to question the other passengers of the vehicle. She stated that the officer's detection of the scent of marijuana provided him with probable cause to search the

4

vehicle. DeBroeck also explained the remainder of the facts of appellant's arrest, described above. However, she acknowledged that, because appellant declined to go to trial, her knowledge about the facts of the case came from the police report. The police offense report describing the circumstances surrounding appellant's arrest was admitted into evidence.

The trial court questioned DeBroeck about whether appellant's prior deferred adjudication would have been admissible had he chosen to go to trial. She affirmed that it would have been. She explained that appellant's plea bargain consisted of three days' jail time, with credit for two days already served, and a $100 fine. Had appellant proceeded to trial, she acknowledged that his sentence for this offense could have been up to six months in jail and a $2,000 fine.

Appellant's mother, Zeinada Romero, also testified at this hearing. Romero explained that appellant "was detained by INS" last year because of his September 2010 conviction for possession of marijuana. She testified that she was present at all of the court hearings and meetings with appellant's attorney prior to his guilty plea on this charge. She said she was concerned about appellant's immigration status because he was here on TPS at the time. According to Romero, on the day that appellant entered his guilty plea in the underlying case, she told his attorney his guilty plea would affect his immigration status. Romero stated that his attorney, DuBroeck, called Paz, and Paz said appellant's guilty plea would not affect appellant's immigration status "in the slightest."

The trial court denied appellant's application for writ of habeas corpus without making any findings. This appeal timely followed.

ANALYSIS

Appellant asserts that the habeas court abused its discretion by denying relief because his plea counsel's advice that he *could* face immigration consequences was ineffective under *Padilla*'s[3] requirement that plea counsel advise noncitizen defendants of "truly clear" deportation consequences. The State responds that appellant failed to establish prejudice.

## A.      Habeas Corpus Standard of Review

We review a habeas court's decision on an application for a writ of habeas corpus under an abuse-of-discretion standard. *Ex parte Fassi*, 388 S.W.3d 881, 886 (Tex. App.—Houston [14th Dist.] 2012, no pet.). The applicant bears the burden of establishing by a preponderance of the evidence that the facts entitle him to relief. *Id.* We consider the evidence presented in the light most favorable to the habeas court's ruling regardless of whether the court's findings are implied or explicit, or based on affidavits or live testimony. *Id.* If the resolution of the ultimate question turns on an application of legal standards, we review the issue de novo. *Id.* at 521.

## B.      Legal Principles for Claims of Ineffective Assistance of Counsel

To prevail on an ineffective-assistance claim, an applicant must show that (1) counsel's performance was deficient by falling below an objective standard of reasonableness; and (2) counsel's deficiency caused the defendant prejudice—that is, there is a probability sufficient to undermine confidence in the outcome that but for counsel's errors, the result of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984); *Perez v. State*, 310 S.W.3d 890, 892–93 (Tex. Crim. App. 2010). The applicant must prove both prongs of the test by a preponderance of the evidence; failure to establish either

---

[3] *Padilla v. Kentucky*, 559 U.S. 356, 369 (2010).

deficient performance or prejudice will defeat a claim of ineffectiveness. *Perez*, 310 S.W.3d at 893.

A defendant has the right to effective assistance of counsel in guilty-plea proceedings. *Ex parte Harrington*, 310 S.W.3d 452, 458 (Tex. Crim. App. 2010). A guilty plea must represent a voluntary and intelligent choice among the alternative courses of action open to the defendant. *Fassi*, 388 S.W.3d at 886 (quotations omitted). "A guilty plea is not knowing or voluntary if made as a result of ineffective assistance of counsel." *Ex parte Moussazadeh*, 361 S.W.3d 684, 689 (Tex. Crim. App. 2012). "Specifically, when a person challenges the validity of a plea entered upon the advice of counsel, contending that his counsel was ineffective, the voluntariness of the plea depends on (1) whether counsel's advice was within the range of competence demanded of attorneys in criminal cases and if not, (2) whether there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty." *Harrington*, 310 S.W.3d at 458 (quotations omitted).

Plea counsel's performance is deficient if counsel fails to advise a noncitizen defendant about deportation consequences that are "truly clear." *See Padilla*, 559 U.S. at 369; *Fassi*, 388 S.W.3d at 886. Thus, plea counsel is deficient if counsel merely mentions the possibility of deportation when the relevant immigration provisions are presumptively mandatory. *Fassi*, 388 S.W.3d at 886. To establish prejudice, an applicant "must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *Padilla*, 559 U.S. at 372; *see also Fassi*, 388 S.W.3d at 887. "The test is objective; it turns on what a reasonable person in the defendant's shoes would do." *United States v. Smith*, 844 F.2d 203, 209 (5th Cir. 1988) (per curiam).

When the prejudice prong of the *Strickland* test is dispositive, as here, we will address only that prong on appeal. *Fassi*, 388 S.W.3d at 887 (citing *Seamster v. State*, 344 S.W.3d 592, 594 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd); *Strickland*, 466 U.S. at 697). Consistent with the abuse-of-discretion standard of review, we give deference to the habeas court's underlying historical fact determinations, but the ultimate question of prejudice under *Strickland* is reviewed de novo. *Id.* (citing *Johnson v. State*, 169 S.W.3d 223, 239 (Tex. Crim. App. 2005)).

## C. Prejudice

We must determine whether appellant proved there is a reasonable probability that but for counsel's errors, he would not have pleaded guilty, which requires proof that a decision to reject the plea bargain was rational under the circumstances. *See Harrington*, 310 S.W.3d at 458; *Padilla*, 559 U.S. at 372. This inquiry is made on a case-by-case basis, considering the circumstances surrounding the plea and the gravity of the alleged failure. *Ex parte Murillo*, 389 S.W.3d 922, 928 (Tex. App.—Houston [14th Dist.] 2013, no pet.); *Fassi*, 388 S.W.3d at 887–88. In *Murillo*, this court identified several factors to consider in reviewing the circumstances surrounding the applicant's plea in light of the evidence presented to the habeas court: (1) the strength of the State's evidence of the defendant's guilt; (2) whether the defendant had any factual or legal defenses to the charged offense; (3) whether the record reveals that the defendant's immigration status was the defendant's primary concern, as opposed to other concerns like the fear of incarceration or a desire for the case to simply be over; and (4) the benefits of the plea bargain compared to the penalties risked if the defendant had opted to proceed to trial. *Murillo*, 389 S.W.3d at 928. We consider each of these factors in turn.

8

### 1. *Evidence of applicant's guilt*

Courts often consider the strength of the State's case or evidence of the applicant's guilt in determining whether a decision to reject a plea bargain would have been a rational one. For example, in *Fassi*, this court affirmed denial of habeas relief based on lack of sufficient prejudice where the evidence of guilt in the applicant's underlying marijuana possession case was "overwhelming." 388 S.W.3d at 888. There, the officer who conducted the traffic stop averred that the applicant smelled of marijuana and had marijuana flakes on his shirt, and then confessed to having marijuana in the vehicle. *Id.*

In *Murillo*, we again affirmed denial of habeas relief based on a lack of prejudice because the evidence in the record indicated that the State would have had a strong case against the applicant at trial for assault of a family member. *Murillo*, 389 S.W.3d at 929. The applicant's trial counsel testified that the offense report from the State's file provided that the responding officer either viewed the applicant actually assaulting the complainant or saw him "on top of her." *Id.* In addition, his trial counsel stated that the offense report indicated the responding officer heard the complainant screaming. *Id.* This offense report was included in the case file at the time the applicant's trial counsel spoke with him about his plea option. *Id.* The applicant did not dispute the contents of the offense report. *Id.*

Here, we have undisputed evidence of appellant's guilt. First, appellant's trial counsel, DuBroeck, testified that appellant's case was "straight forward" and it was her opinion that both the traffic stop and search that resulted in appellant's arrest were legal. Further, the offense report describing the incident, which DeBroeck testified was in appellant's file, indicated that the officer detaining appellant noticed "a strong odor of marijuana coming from his clothing"; when asked if he had been smoking marijuana, appellant admitted to "smoking weed"

9

earlier in the day. *Cf. Fassi,* 388 S.W.3d at 888 (officer averred that applicant smelled of marijuana and had marijuana flakes on his shirt).[4] The offense report further indicated that one of the officers "while conducting an inventory" search of the vehicle "found a small bag of marijuana wedged between the ceiling and the windshield on the front passenger side"; appellant did not dispute that he was the front-seat passenger in the vehicle or otherwise deny that the marijuana was his. Finally, the offense report indicated that the driver of the car stated that the marijuana belonged to appellant. All of these facts indicate there was fairly strong evidence of appellant's guilt. And, as in *Murillo,* appellant has not disputed the contents of the offense report. *See Murillo,* 389 S.W.3d at 929. Thus, this circumstance weighs against a finding of prejudice.

### 2. *Factual or legal defenses*

Courts also consider whether the applicant had any defenses when analyzing the *Strickland* prejudice prong. In *Fassi,* this court noted that "appellant presented no affirmative evidence that he had any factual or legal defenses to the charge" of marijuana possession. 388 S.W.3d at 889. Likewise, in *Murillo,* the applicant presented no affirmative evidence that he had any factual or legal defenses to the charge, or that he believed he was not guilty of assaulting his wife. 389 S.W.3d at 929.

Here, appellant asserted in his affidavit in a conclusory fashion that he "had a defense to the charge." He does not indicate what that defense was or provide any facts or details regarding his alleged "defense."[5] Further, the trial court was

---

[4] Although we do not have an affidavit from the arresting officer as we did in *Fassi,* appellant did not dispute the facts as reported in the offense report or claim that he was not guilty of the charges.

[5] On appeal, appellant asserts that the State lacked a strong case against him because there were insufficient "affirmative links" tying him to the marijuana. *See Ly v. State,* 273

free to reject appellant's averment as not credible, and we must defer to that determination because it is supported by the record. *See Ex parte Wheeler*, 203 S.W.3d 317, 325–26 (Tex. Crim. App. 2006) ("First, as a matter of law, reviewing courts defer to the trial court's implied factual findings that are supported by the record, even when no witnesses testify and all of the evidence is submitted in written affidavits."). Both Paz and DuBroeck testified that, had appellant maintained his innocence and insisted he go to trial, it was their policy to proceed to trial. Thus, there is nothing to support appellant's conclusory claim that he "had a defense." This factor weighs against a finding of prejudice.

### 3. *Immigration status as primary concern*

Another factor courts consider when determining prejudice is whether the applicant presented evidence indicating that the immigration consequences of his plea were his "paramount concern." *Fassi*, 388 S.W.3d at 889. In *Fassi*, we considered that the applicant presented no evidence he had "expressed his concern about deportation to the trial court, plea counsel, or anyone else at the time of his plea." *Id.*

Cases in which courts have found prejudice present different circumstances because, in those cases, the applicant presented other evidence tending to support that immigration consequences were his primary concern. *See id.*; *see also Ex parte Elizondo–Vasquez*, 361 S.W.3d 120, 121, 122–23 (Tex. App.—Texarkana 2011, no pet.) (finding prejudice when plea counsel testified that the applicant's

S.W.3d 778, 781–82 (Tex. App.—Houston [14th Dist.] 2008, pet. ref'd) (providing list of relevant facts that may affirmatively link an accused to contraband). But, as noted above, appellant did not dispute the facts as presented in the offense report or attempt to challenge the links between him and the marijuana. Because there is no evidence in the record of appellant raising this defense or bringing it to the attention of the trial court, these appellate allegations cannot support an ineffective assistance of counsel claim. *See Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999) ("Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.").

"primary concern was how the charge and any resulting incarceration would impact his status as an immigrant" but that he failed to provide his client with a definitive answer; the applicant also testified that his immigration status was his primary concern and that he discussed it with his trial counsel at every meeting).

Here, the record contains no evidence that appellant expressed to anyone that deportation was his "primary" concern. Although there is evidence that appellant and his mother had at least some concern about the immigration effects of appellant's case, the record also establishes that appellant specifically "chose to plea" and "declined to go to trial" despite his trial counsel's advising him that if he pleaded guilty that he would be "mandatorily detained" and that his second conviction for possession of marijuana "could be used to deport him," among other potential adverse immigration consequences. Further, the trial court was free to entirely disbelieve the representations by appellant and his mother concerning appellant's priorities; given the evidence indicating appellant made a calculated and informed decision between his options to accept the State's plea offer or proceed to trial, the trial court was justified in doing so. *See Ex parte Obi*, 446 S.W.3d 590, 599 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd) ("The trial court did not credit Obi's self-serving testimony; and given the conflicting evidence, it was free to disregard it."); *Fassi*, 388 S.W.3d at 888 ("[T]he habeas court was free to disbelieve appellant's self-serving testimony that he would not have pled guilty if he had been aware of the immigration consequences of his plea."); *Moreno*, 382 S.W.3d at 529 (finding no prejudice where applicant's "total inaction upon receiving repeated verbal and written warnings about the possibility of his deportation" indicated "his immigration status was not his primary concern upon pleading guilty"). Accordingly, we conclude that this factor weighs against a finding of prejudice.

### *4. Plea deal compared to penalties risked at trial*

When analyzing prejudice, courts also consider the circumstances of the plea deal compared to what penalties the applicant risked by going to trial. In this case, as in *Fassi*, appellant was faced with a maximum of six months' confinement and a $2,000 fine for Class B misdemeanor marijuana possession. *See* Tex. Health & Safety Code Ann. § 481.121(b)(1); Tex. Penal Code Ann. § 12.22; *see also Fassi*, 388 S.W.3d at 883. In *Fassi*, in affirming based on the prejudice prong, we reasoned that "a rational noncitizen would not likely risk a trial if the result is near-certain conviction—under those circumstances, the defendant faces a harsher criminal penalty in addition to the same immigration consequences of pleading guilty." 388 S.W.3d at 888.

Here, the record reflects that appellant received a plea deal of three days, with two days' time-served, and a $100 fine.[6] Here, appellant was faced with a much harsher criminal penalty had he been found guilty, in addition to the same immigration consequences of pleading guilty; either way, he was deportable. Further, appellant had very recently completed deferred adjudication for another misdemeanor possession of marijuana offense. His trial counsel acknowledged that appellant was informed that offense would have been admissible during punishment and that this evidence may have subjected appellant to a sentence up to the maximum term.

On this record, where there was strong evidence of guilt and no evidence of any factual or legal defenses to the crime, the odds of acquittal, and thus of avoiding deportation, appear to have been quite slim. Appellant faced the choice of

---

[6] In comparison, we found no prejudice in *Fassi* where the applicant was offered a plea agreement that involved six months' deferred adjudication probation and a $150 fine. 388 S.W.3d. at 883.

13

whether he wanted to take a plea deal through which he could receive minimal jail time and face presumptively mandatory deportation or reject the deal and proceed to trial, where there was a significant likelihood he would be convicted, and where he risked the exact same deportation consequence and a harsher penalty of up to six months' in jail.

In sum, aside from appellant's self-serving statement that he would have insisted his counsel take his case to trial had he known he would be deported,[7] he presented no other evidence corroborating his position or that it would have been rational to reject a plea deal under the circumstances. *See Murillo*, 389 S.W.3d at 93 (citing *Ex parte Ali*, 368 S.W.3d 827, 840–41 (Tex. App.—Austin 2012, pet. ref'd)); *Fassi*, 388 S.W.3d at 890. After applying the factors described above, we conclude that appellant failed to establish any prejudice from his counsel's allegedly deficient performance; *i.e.*, appellant has failed to prove that a decision to reject the plea deal would have been rational under the circumstances.

We overrule appellant's sole issue.

---

[7] Appellant's mother also averred that appellant would not have pleaded guilty. At the hearing, however, the habeas court sustained a "speculation" objection to her testimony to this same effect. Thus, it appears that the habeas court did not credit appellant's mother's testimony on this subject.

14

## CONCLUSION

Because appellant has failed to establish that he was prejudiced by his counsel's allegedly deficient performance, the habeas court did not abuse its discretion in denying his application for relief. We affirm the trial court's judgment denying appellant habeas corpus relief.


/s/ Sharon McCally
Justice

Panel consists of Chief Justice Frost and Justices Boyce and McCally.

Do Not Publish — Tex. R. App. P. 47.2(b).

15